State v. Britt.

## THE STATE v. EARL BRITT, Appellant.

### Division Two, June 3, 1919.

1. **EMBEZZLEMENT: Borrowed Gun: No Evidence of Conversion.** Where the whole evidence consists of a showing that defendant borrowed of the owner a shotgun under a promise to return it in the afternoon of the same day, and instead of keeping his promise continued to retain the gun for eight months, he should be discharged.

2. ———: **Bailee: Conversion.** The offense denounced by Section 4552, Revised Statutes 1909, is essentially embezzlement; and when one accused of such embezzlement spends the money, or sells or disposes of or puts out of his control the property, of another, which comes into his hands as bailee, or even if he secretes it, or if he refuses upon demand to pay the money or deliver the property to the owner, in the absence of any excuse, such facts are circumstances tending to show conversion, with a fraudulent intent; and absent all such facts the mere mention of private money or property do not constitute conversion.

3. ———: ———: **Fraudulent Intent.** To convict a bailee of embezzling private property which has lawfully come into his hands, a fraudulent conversion which amounts to depriving the owner of dominion over the same, with a felonious intent so to deprive him thereof, must be shown.

4. ———: **Borrowed Gun: Stolen from Bailee.** If the gun borrowed by defendant was stolen from him, he is not guilty of embezzlement.

5. ———: **Prosecution to Collect Debts.** The criminal law is not to be used, as an opressive agent through fear of prosecution, to collect debatable debts.

Appeal from Pemiscot County.—*Hon. Sterling H. McCarty*, Judge.

REVERSED.

*Sam J. Corbett* for appellant.

(1) There was no sufficient evidence in the case to warrant or authorize a verdict of guilty, or to sus-

State v. Britt.

tain a conviction, and the court erred in refusing to instruct the jury to find the defendant not guilty. (2) It is not a crime to borrow a shot-gun and merely fail to return it. If defendant still had the gun, nothing further appearing, he was guilty of no offense against the law of the State. If some one stole the gun from him, he was guilty of no offense. To constitute the crime of embezzlement it must be shown "that there was a fraudulent conversion of the personal property, already in the lawful possession of the person who wrongfully and feloniously appropriates it to his own use." State v. Thompson, 114 Mo. 319. In the case at bar there was a total failure of proof of the charge. The only thing shown was that defendant was in the lawful possession of the gun. There was no showing of a felonious intent to appropriate the gun to his own use, nor that defendant had appropriated the same feloniously to his own use. State v. Thompson, 144 Mo. 319. (3) The case therefore falls within the rule, "that the Supreme Court will reverse a case where there is a total failure of evidence, or it is so weak that the necessary inference is that the verdict was the result of passion, prejudice or partiality." State v. Glahn, 97 Mo. 679; State v. Howell, 100 Mo. 659; State v. Hellwig, 60 Mo. App. 483.

*Frank W. McAllister,* Attorney-General, and *Thomas J. Cole,* Special Assistant Attorney-General, for respondent.

(1) The evidence is sufficient to sustain the conviction. State v. Concelia, 250 Mo. 425; State v. Underwood, 263 Mo. 685. (2) No demand for the property alleged to have been embezzled was necessary. State v. Porter, 26 Mo. 208; State v. Tompkins, 32 La. Ann. 620; Commonwealth v. Tuckerman, 76 Mass. (10 Gray) 208; Leonard v. State, 7 Tex. App. 447; 10 Am. & Eng. Ency. Law, p. 447.

FARIS, J.—Defendant was convicted in the Circuit Court of Pemiscot County of grand larceny under

the provisions of Section 4552, Revised Statutes 1909 and sentenced to imprisonment in the Penitentiary for a term of two years. From this conviction, after the usual motions and pursuant to the conventional procedure, he has appealed.

Many contentions of alleged error are urged upon our attention by defendant. These include (a) errors in the instructions, (b) error in overruling defendant's plea in bar for that, as it was averred, he had not been accorded a preliminary hearing, and (c) error in refusing to sustain the defendant's demurrer to the evidence.

Pretermitting the serious doubt whether the property alleged to have been embezzled was of sufficient value to make the embezzlement thereof a felony, as well as the palpable error in the instructions, for that— to say no more—instruction one was broader than the proof and so was erroneous, we come to a more vital question in the case, which is: Was there any sufficient evidence to sustain this conviction?

We are clearly of the opinion that there was not. Defendant borrowed from the owner thereof a certain Marlin repeating shot-gun (which the information charged defendant with embezzling as a bailee under such circumstances as to constitute grand larceny) upon the promise to such owner to return the gun in the afternoon of the same day on which he borrowed it. This promise defendant failed to keep, and continued so to fail for some eight months; at the end of which time this prosecution was commenced. This is, so far as the evidence in the case discloses, the whole sum of defendant's guilt and offending. There was no demand made on defendant, by the owner of the gun for the return thereof, nor was there any showing that defendant had sold the gun or secreted it, or disposed of it, or otherwise in any affirmative or overt way converted it to his own use. In fact, one witness for the State, testifying as of a time subsequent to the arrest of defendant, says that the latter told the witness that he still had the gun. Another witness for the State swore that defendant

stated to him that the gun had been stolen from defendant, but that he intended to pay the owner thereof for it. From this state of the proof, we are of the opinion that there was no sufficient evidence of a conversion of the gun ,by defendant to his own use with a fraudulent intent to deprive the owner thereof permanently. Touching this necessary element of embezzlement, it was said by this court in the case of State v. Cunningham, 154 Mo. l. c. 178, that:

"A much more serious question is with respect to the failure of the instruction to tell the jury that in order to convict the defendant they must believe from the evidence that he converted the money to his own use without the assent of McLemore with a felonious of fraudulent intent to deprive him thereof. The State, however, contends that the only intent required by the statute is that the defendant should have intended to convert the money to his own use without the assent of his principal, and that if he unlawfully did so he is guilty under the statute. There was no such crime as embezzlement at common law; it is purely a statutory offense, and as to such offense, it is said: 'There must be an evil intent, though the statute is silent on the subject'. [1 Bishop's Criminal Law (6 Ed.), sec. 345.] So in 10 Am. and Eng. Ency. of Law (2 Ed.), 996, it is said: 'To constitute embezzlement, it is necessary that there shall be a criminal intent. Most of the statutes, by the use of various terms, expressly require this. Even when they do not, the necessity for such an intent is to be implied. There must be, as in larceny, a fraudulent intent to deprive the owner of his property and appropriate the same.' [Eilers v. State, 34 Tex. Crim. Rep. 344.] The word unlawfully where used in the instruction does not supply the word felonious, or the words fraudulently, etc., for while defendant may have unlawfully converted the money to his own use, it does not necessarily follow that he did so with a felonious or fraudulent intent, and unless he did so with such intent he is not guilty of embezzlement, al-

though the statute does not in express terms require that there shall be a criminal intent. [State v. Reilly, 4 Mo. App. 392.] Many things are unlawfully done which are not crimes, because the criminal intent is wanting.

"No one can be convicted of a felony in the absence of an intent to do a criminal act, but such intent in case of embezzlement may be inferred from a felonious or fraudulent conversion. [State v. Noland, 111 Mo. 473; Dotson v. State, 51 Ark. 119; People v. Wadsworth, 63 Mich. 500.] Thus in Rex v. Williams, 7 C. & P. 338, a servant was sent to receive rent due her employer, and after receiving it, instead of returning, she left the country. It was held that a fraudulent intent to convert the money might be inferred from the circumstances.

"In the case at bar the defendant after receiving the money, with specific directions as to its application, disobeyed his instructions, abandoned his place of business, kept the money and left the country. The facts tending to show the felonious intent were substantially the same in both cases."

Applying to the instant case the test of conversion with a fraudulent intent pointed out in the above excerpt, it is obvious, we think, that the proof is wholly insufficient upon this point. When one accused of embezzlement—and the offense denounced by Section 4552, supra, is essentially embezzlement—spends the money, or sells or disposes of or puts out of his control the property of another which came into his hands as a bailee, or even if he secretes it (Section 4552, supra), such acts are circumstances tending to show conversion. If the accused leaves the community, taking the property with him, such fact is likewise a circumstance tending to show a fraudulent intent to convert the property in question. [State v. Cunningham, supra.] If the accused refuse upon demand to pay money or deliver property (absent any excuse or excusing circumstance) which came into his hands as a bailee, such refusal might

well constitute some evidence of conversion, with the requisite fraudulent intent required by the statute (Sec. 4552, supra), so as to take the case to the jury. [Dix v. State, 89 Wis. 250; Com. v. Brand, 166 Ky. 753.] But there is nothing of the sort shown by the record in this case.

We are not saying that there exists always a necessity for the making of demand on the bailee by the owner for the delivery of the property as a condition precedent to a prosecution for embezzlement by a bailee (State v. Porter, 26 Mo. l. c. 208); but we are saying that if there is no demand for delivery there must be shown in the case *aliunde,* some other evidence of conversion by the accused. This is well-nigh fundamental. For, manifestly, if so it be that the defendant here had had the gun in question stolen from him, as one of the State's witnesses swore, he could not be guilty of embezzlement. If defendant still had the gun in his possession, as another witness for the State swore, no guilt of the crime of embezzlement can be bottomed on this bare fact alone; surely, then, demand and refusal to return the gun must at least be shown.

Any other view is dangerous and untenable; for if defendant may be sent to the Penitentiary, absent a demand for the property, and *absent any other evidence of a conversion* by him of the property to his own use with the fraudulent intent to deprive the owner thereof permanently, then—the facts in this case regarded—it is obvious that he committed a felony by his mere failure to return the borrowed property to the owner thereof at the time he agreed to return it. Barring the greater weight of the evidence of conversion, to be deduced from greater lapse of time after such default in returning the property, it is manifest upon this theory that defendant would become guilty of a felony, if he neglected to return the borrowed property on the precise day that he agreed to return it.

We are not dealing here with a public officer, or with public property, whereof it has been said that the

failure to deliver such property *over upon a settlement*, which is in itself a demand of a sort, absent a good and satisfactory reason, is prima-facie evidence of conversion (State v. Hunnicut, 34 Ark. 562; Hollingsworth v. State, 111 Ind. 289; State v. King, 81 Iowa, 587; State v. Ring, 29 Minn. 78); but we are dealing with private property, wherein the mere failure to deliver is not alone sufficient to convict, but there must be shown a fraudulent conversion which amounts to depriving the owner of dominion over his property, with the felonious intent so to deprive such owner thereof. [State v. Cunningham, 154 Mo. 161; Robinson v. State, 109 Ga. 564; People v. Hurst, 62 Mich. 276; Fitzgerald v. State, 50 N. J. L. 475.] In short, we are saying that there must be some evidence in the case of either a direct or a circumstantial character *to show when and how* the accused ceased to be a borrower and became an embezzler. The chances for mischief, for that innocent persons may suffer, or for that the criminal law may be used as an oppressive agent to enforce debatable civil rights through fear of prosecution, are too potential to suffer us to write into the law any such doctrine as the State herein contends for. The learned court *nisi* ought to have sustained the defendant's demurrer to the evidence.

In this view of the case other errors which are urged upon our attention become immaterial. It results that the judgment must be reversed and the defendant discharged. Let it be so ordered. All concur.