**STATE of Missouri, Respondent,**

v.

**Donald BROTHERS, Appellant.**

**No. 54338.**

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Jimmie B. Trammell, Dexter, for appellant.

STOCKARD, Commissioner.

Defendant was prosecuted under the Second Offender Act (§§ 556.280 and 556.-290 RSMo 1959, V.A.M.S.) for striking and beating Officer Lonnie Mason, a policeman of Dexter, Missouri, in violation of § 557.215 RSMo Supp. 1967, V.A.M.S. The trial court, after conducting a hearing outside the presence of the jury, made the necessary findings to invoke the Second Offender Act, and after defendant had been found guilty of the charge by a jury, the court imposed a sentence of imprisonment for five years.

During the afternoon of June 28, 1968, defendant engaged in drinking whiskey, gin, and "probably fifteen or more" beers. He became argumentative and used profane language in the Novella Cafe in Dexter, Missouri, which was also operated as a tavern. He was twice asked to leave by Paul Reed, the owner. Each time defendant did leave but he later returned. When again told to leave he became angry and threw a chair at Mr. Reed. Mrs. Reed attempted to call the police but defendant jerked the telephone out of her hand. Mr. Reed pushed him out of the door and he and Jim Farmer, one of the persons with whom he had been arguing in the tavern, "started to fight;" they were "struggling out in front or sparring, getting ready to fight." Pursuant to a call from the police dispatcher, Police Officer Ralph Clark drove to the cafe. When he arrived he saw defendant and "some fellow" standing a few feet from the door "sparring," but he saw "no licks passed." Officer Clark separated them and defendant walked "a little piece down the street and leaned up against the building." Mr. Reed then told Officer Clark that he "wanted Don Brothers put under arrest," and the officer "got him and walked toward the car with him" and placed him under arrest. Officer Clark did not testify on what ground he placed defendant under arrest, and the record does not indicate that defendant ever asked or was at any time advised of the reason. When Officer Clark told defendant to get in the police car he "backed off as if he wanted to spar," but when the officer "pulled [his] black-jack" defendant got in the car. The officer then started the police car and defendant jumped out and ran. Officer Clark followed him and said "Brothers, get in the car, you're still under arrest." Defendant then got in the car, Officer Clark called the dispatcher for help, and Police Officer Lonnie Mason soon arrived. Defendant was in the front seat of the car. Officer Mason got in the back seat, and with Officer Clark driving they started toward the jail. When the car stopped at a stop sign defendant again jumped out of the police car and got in another automobile with "a bunch of boys." Officer Mason followed that automobile with the siren and red lights turned on. Defendant told the driver "he may as well stop," that he would "just go on to jail, that it was public drunk and disturbing the peace, and I'd just go on to jail." Officer Mason then went to the automobile and "partially pulled [defendant] out and he rolled out of the car and set down and wouldn't go." The officer then placed a

handcuff on his right wrist, but could not get a handcuff on his other wrist. Defendant got up and started "striking" at the officer. The "handcuffs was coming over like a chain." Defendant hit Officer Mason with his fist on the shoulder, and "kind of stove that shoulder up," and also hit him on the nose and bloodied it. Officer Mason struck defendant with his night stick twice, and defendant grabbed the stick and said, "I am going to beat your damn brains out," but did not strike the officer with the stick. Officer Mason then took his pistol out of its holster, pointed it toward the ground and shot himself in the foot. Defendant ran to the bus station, and in the meantime Officer Clark had gone to the home of Chief of Police Howard Davis and returned with him. Chief Davis took defendant to jail, and after he was there, as defendant stated in his testimony, he "was making considerable noise, rattling the bunks or something, and was tear gassed thereafter."

Defendant contends on this appeal that the evidence did not establish "that Officer Mason was actively engaged in the performance of duties imposed upon him by law," and that it showed that he "was attempting to arrest the defendant without a warrant for a misdemeanor not committed in the presence of said officer." Defendant argues, citing Kansas City v. Mathis, Mo.App., 409 S.W.2d 280, that he had the right to use such force as was reasonably necessary to prevent an unlawful arrest. As subsequently demonstrated we hold that the arrest was lawful and that the striking of Officer Mason occurred while he was actively engaged in the performance of duties imposed on him by law.[1]

1. We note that in recent years the theory of a right to resist physically an illegal arrest is waning, and has been severely criticized and rejected by persuasive authorities. See § 5 of the Uniform Arrest Act as set forth in an article entled, The Uniform Arrest Act, 28 U.Va. L.Rev. 315. See also the Model Penal Code, § 304(2) (a) (i) adopted by the American Law Institute; The Right to

By limiting his contention to the attempt by Officer Mason to bring about the arrest, defendant has overlooked other important factual elements. When Officer Clark arrived at the scene defendant was in front of the Novella Cafe "threatening, quarreling, challenging or fighting," and was engaged, in the presence of Officer Clark, in disturbing the peace in violation of § 562.240 RSMo 1959, V.A. M.S., a misdemeanor for which Officer Clark, as a policeman of Dexter, Missouri, was empowered to arrest him, State v. Brown, Mo., 291 S.W.2d 615; State v. Nolan, 354 Mo. 980, 192 S.W.2d 1016, even though it may be that Officer Clark acted at the suggestion of Mr. Reed. In the meantime Officer Mason arrived on the scene pursuant to a call for assistance from Officer Clark, and by reason of §§ 544.210 and 544.190 RSMo 1959, V.A.M.S., what Officer Mason thereafter did to effect the arrest of defendant was done by him while "actively engaged in the performance of duties imposed on him by law" within the meaning of § 557.215, Laws 1965, p. 668, V.A.M.S. The evidence clearly establishes that defendant willfully struck Officer Mason while so engaged.

The judgment is affirmed.

BARRETT, C., concurs in result.

PRITCHARD, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

Resist an Unlawful Arrest: An Outdated Concept, 3 Tulsa L.J. 40; and the discussion in the footnote to United States v. Heliczer, 2 Cir., 373 F.2d 241, where it is said that the legality of an arrest, which is often a close legal question, should be decided by a court of law without the preliminary battle in the streets.