**STATE of Missouri, Plaintiff-Respondent,**

v.

**Bobby Joe ROSS, Defendant-Appellant.**

No. 57212.

Supreme Court of Missouri,
Division No. 1.

April 9, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William J. Hart, Springfield, for defendant-appellant.

HOLMAN, Presiding Judge.

Defendant was convicted by a jury of willfully striking a police officer while he was engaged in the performance of his duties. § 557.215 RSMo 1969, V.A.M.S. His punishment was assessed at imprisonment in the county jail for one year and a fine of $1,000. He has appealed. We have jurisdiction as the notice of appeal was filed prior to January 1, 1972. We affirm.

Officer Feazell of the Springfield Police Department drove to the corner of College and Grant Streets at 4 o'clock a.m., on March 18, 1971, in response to a call. He there found defendant in an intoxicated condition and arrested him. The reason for arrest (investigation for car tampering) was stricken on motion of defendant. Officer Smith arrived to assist and they handcuffed defendant. At about that time defendant began cursing and kicking at the officers and they put him on the ground until the police van arrived. He was taken to the Greene County jail by Officer Randall New, the driver of the van. Upon arrival at the jail defendant resisted Officer New and he had to use a headlock to get him up the stairs. When they arrived at the booking office defendant again began to curse Officer New and spat in his face three times. The officer then threw him to the floor and put his knee on his throat to restrain him. Defendant continued to curse all the officers and threatened to get even with them. However, when he promised Deputy Logan that he would "behave" he was allowed to get up and the handcuffs were removed. When the booking procedure was completed and he was being taken to a cell, as he passed Officer New he struck him in the mouth with his fist. The blow

caused New's lip to bleed and a tooth was broken.

The statute in question, § 557.215, reads in part as follows:

"Any person who shall willfully strike, beat or wound any police officer, sheriff, highway patrol officer or other peace officer while such officer is actively engaged in the performance of duties imposed on him by law * * * shall be punished by imprisonment by the department of corrections for a term of not more than five years, or by confinement in the county jail for not less than six months nor more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment."

Defendant's first point is that the court erred in failing to give an instruction submitting self-defense. As subpoints thereunder, defendant states that the arrest was unlawful because made without a warrant or probable cause; that even if the arrest was lawful it was made in an unlawful manner by use of excessive force; that because of the foregoing defendant was entitled to use such force as necessary to prevent the arrest and in doing so acted in self-defense.

■ There is no merit in defendant's contention that he was entitled to a self-defense instruction because there was no evidence to support such a defense. (We assume, without deciding, that there might be a state of facts shown which would warrant a self-defense instruction in a case of this kind.) We need not discuss the subpoints advanced by defendant because there was no evidence which would make them applicable. The undisputed evidence here shows that the arrest of defendant had been fully accomplished; that he had been transported to the county jail; that upon defendant's promise to "behave"

he was released from all restraints and his custody delivered to the deputy sheriff who completed the booking process; that Officer New had ceased to take any active part in the proceedings but was merely standing by in order to be available to assist in case defendant again became belligerent; that such was the situation when defendant struck him, and defendant's motive would appear to have been to seek revenge for his prior arrest and restraint. As indicated, in the situation outlined, there was no evidence to support the giving of a self-defense instruction.

■ Defendant's remaining point is that the trial court erred in refusing his request to instruct on common assault. In ruling this contention we will assume, but do not decide, that common assault is a lesser included offense of the crime charged. Defendant's theory is that his arrest was illegal; that excessive force was used in conveying him to jail and therefore, "as a consequence, Officer New was acting as an individual rather than a police officer, and when defendant struck Officer New he was not striking an officer engaged in the performance of his duties but was perpetrating a common assault on an individual." Defendant's contentions are not supported by the evidence. The evidence clearly indicates that Officer New was engaged in the performance of his duties as a police officer at the time he was struck. State v. Brothers, 445 S.W.2d 308 (Mo.1969). Moreover, at the time of the offense and for a period of time prior thereto, Officer New was not using any force in connection with the proceedings involving defendant. We accordingly rule that the evidence did not warrant an instruction on common assault and hence the court did not err in failing to give one. State v. Jacks, 462 S.W.2d 744 [7] (Mo.1970).

Judgment affirmed.

All of the Judges concur.