**STATE of Missouri, Respondent,**

**v.**

**Larry BRADLEY, Appellant.**

**No. KCD 26661.**

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Dean H. Leopard, Gallatin, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

DIXON, Chief Judge.

Defendant, Larry Bradley, was charged by information with unlawfully and wilfully striking and beating a police officer while such officer was engaged in the performance of duties imposed on him by law in violation of Section 557.215 RSMo 1969, V.A.M.S. On April 7, 1972, defendant was tried without a jury in the Circuit Court of Daviess County, Missouri, found guilty, and, on May 15, 1972, sentenced to six months in the county jail. Defendant's motion for new trial was overruled on May 15, 1972. Notice of Appeal was filed on May 22, 1972, in the Missouri Supreme Court. On defendant's motion, the cause was ordered transferred to the Missouri Court of Appeals, Kansas City District, on March 21, 1973.

Defendant's point on this appeal may be subsumed under two heads. First, that there was no competent evidence of the issuance of a warrant, and that being so, the officer was not acting lawfully and defendant had the right to resist. The second point raised is that the evidence does not support the conviction.

In the posture of a guilty verdict, the evidence is considered in the light most favorable to the verdict, and the issues of credibility are taken as settled by the trier of fact. State v. Parker, 378 S.W.2d 274 (Mo.App.1964).

So considered, the evidence supports the following factual situation. At 9:00 p. m., on January 13, Kenneth Lukehart, a uniformed officer of the City of Gallatin, was on duty in the City of Gallatin. Lukehart had received a report from the Chief of Police earlier in the evening that a car belonging to one Zimmerman had been taken out of Zimmerman's driveway and that Zimmerman did not know who had the car. Lukehart recognized the 1965 Chevrolet while he was driving around the square. The Chevrolet was being driven by the defendant. The officer pulled up beside the 1965 Chevrolet and directed the defendant to put the car at the curb while the officer called the Sheriff's office. The defendant failed to heed the officer's instruction and drove off followed by the officer. The defendant drove into the driveway of the Zimmerman residence. Enroute and while pursuing the 1965 Chevrolet, the officer had contacted the Sheriff's office by radio. The Sheriff informed the officer that there was a warrant for the defendant and to pick up the defendant and bring him to the county jail. When the officer pulled up to the Zimmerman residence, the defendant approached the police car cursing. Zimmerman was present and before any physical altercation, Zimmerman informed the officer that the 1965 Chevrolet had not been stolen. While this conversation took place, the officer was still in the car with the door open and one foot on the ground. The officer informed the defendant that he was going to arrest the defendant because, as the officer announced, "The sheriff has

a warrant for this man's arrest and he does want him in the county jail." The officer, still not fully out of the car, told the defendant four or five times he was under arrest and to get in the car. The defendant continued cursing and screaming and turned away from the car. The officer then got out of the car, disengaging his nightstick from the spotlight handle where it was hanging. The officer went to the defendant with his nightstick at his side and put his arm on the defendant's shoulder to lead him to the car. The defendant then grabbed at the nightstick, and an altercation commenced. The officer finally subdued the defendant with mace after losing his nightstick to the defendant. The officer radioed the sheriff for help, and he responded and took over.

■ Defendant argues that there was no competent evidence of the existence of a warrant. This ignores the testimony of the officer as to the radio message from the Sheriff concerning the warrant. The State admits the hearsay nature of this, but correctly points out that such evidence once admitted without objection is in the case for all purposes and constitutes evidence, the probative value of which is for the trier of fact. Kansas City v. Mathis, 409 S.W.2d 280 (Mo.App.1966); State v. Balle, 442 S.W.2d 35 (Mo.1969).

■ The real issue presented by the defendant's argument is whether the State has the burden in this case to establish the existence of the warrant to justify the action of the police officer in attempting to arrest the defendant. Put another way in the context of the charge against this defendant, the question is, did the officer have a right and, therefore, a correlative duty to arrest the defendant based upon the radio message that a warrant existed for the defendant's arrest?

That question is settled. State v. Burnett, 429 S.W.2d 239 (Mo.1968) reached and decided that issue.

There, the officers arrested and searched between 11:00 p. m., February 18, and 12:17 a. m., February 19. The evidence was that the warrant upon which the arresting officers relied was issued "shortly after midnight." The officers, when arresting, told the defendant a warrant had been issued in the City of Hannibal. The court said:

"We need not decide (1) whether defendant voluntarily consented to the search (see Annotation, 9 A.L.R.3d 858), or (2) whether, under the conflicting evidence, a warrant had in fact been issued prior to the time the arrest and search were made, because we believe the search was incident to a lawful arrest.

It is 'elementary that an officer may make a lawful arrest without a warrant. The general rule is that he may arrest without a warrant any person whom he has reasonable cause to believe has committed a felony * * *.' State v. Vollmar, Mo.Sup., 389 S.W.2d 20, 24.

'* * * Police officers are authorized to arrest upon reasonable cause to suspect that one is guilty of a felony, either upon their own knowledge or upon facts "communicated to them by others * * *." State v. Brown, Mo., 291 S. W.2d 615; State v. Green, Mo., 292 S. W.2d 283; State v. Edwards, Mo., 317 S.W.2d 441. If police officers could not thus base the existence of reasonable cause upon bona fide information communicated to them in the performance of their duties, their hands would be very effectively tied.' State v. Witt, Mo.Sup., 371 S.W.2d 215, 218, 219." State v. Burnett, supra, 429 S.W.2d at 241–242.

To hold otherwise in the light of modern methods of communication and travel would be absurd. An officer informed by another law enforcement agency that a warrant exists has a right to rely upon that information as valid and authorizing the arrest of the named defendant.

■ It is also noted that defendant has sought by this argument to limit the statute under which defendant was charged (Sec-

tion 557.215 RSMo 1969, V.AM.S.) by asserting that only if the arrest could be justified was the officer in "performance of his duties." Such an attempted limitation of the statute has been disapproved in State v. Brothers, 445 S.W.2d 308 (Mo. 1969) and State v. Rodriguez, 484 S.W.2d 203 (Mo.1972).

Reviewing the instant facts aside from the "warrant issue," there is evidence which would support the officer's action. The officer had been directed to watch for the particular vehicle as "ostensibly stolen." When he saw the vehicle, he undoubtedly had a right to investigate the defendant's possession. To that end, he lawfully could have directed the defendant to pull to the curb. The defendant's defiance and flight undoubtedly gave the officer legal justification to pursue and continue his investigation, and that was not only the right of the officer, but his obligation and duty. The flight of the defendant was an obstruction and resistance to the duty of the officer and, very likely, given no more would have constituted grounds for a felony arrest under the provisions of Section 557.200 RSMo 1959, V.A.M.S. So also even if the car's possession was satisfactorily explained, the repeated cursing of the officer would have constituted a misdemeanor of disturbance in the presence of the officer.

Defendant, in his brief, asserts on his second area of complaint that the evidence does not support the conviction because any actions taken by the defendant were instinctively self-protective after being struck and gassed by the officer. That ignores all the evidence to the contrary and assumes the truth of defendant's evidence contrary to the rule that the evidence is taken in the light most favorable to the verdict.

Judgment affirmed.

All concur.