**STATE of Missouri, Respondent,**

v.

**Dennis DAY, Appellant.**

**No. KCD 28004.**

Missouri Court of Appeals, Kansas City District.

Dec. 31, 1975.

Jon M. Krebbs, Asst. Public Defender, Liberty, for appellant.

John C. Danforth, Atty. Gen., Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant, charged by an information under the Second Offender Act with robbery in the first degree (Section 560.120 RSMo 1969), was found guilty by a jury and his punishment was assessed by the court at twelve years confinement in the Department of Corrections. Defendant timely appealed.

On appeal, defendant's dissidence with his trial is expressed in a single point which he claims entitles him to reversal of his conviction and remand of the case for a new trial—the trial court erred in permitting one of the state's witnesses (Bonnie Miller) to testify that an alleged co-participant (Henry Loftis) told her that he committed the robbery in question. Defendant does not question the sufficiency of the evidence to sustain his conviction. A synopsis of the facts and certain procedural events will reveal (1) the nature of the state's case and (2) the irreconcilability of defendant's claim of error with the record.

On the night of November 4, 1974, Aldis Tuck, an employee of Clark Oil Company, was in the process of closing his employer's service station located in Clay County, Missouri. While doing so, two men entered the station. Tuck was struck on the back of the head and knocked down. He feigned

unconsciousness and while doing so heard a sound which he described as a "bunch of banging". He then heard the two men leave. After the two men left the station, Tuck observed that the "money drawer" in the station, containing in excess of one hundred dollars in coin and currency belonging to Clark Oil Company, had been removed and was missing.

■ During the course of the trial Tuck positively identified the defendant as one of the two men who entered the service station on the night in question. Henry Loftis appeared in the courtroom while Tuck was on the witness stand and was positively identified by Tuck as the man who accompanied defendant. Defendant, during presentation of his side of the case, managed to cast some doubt on Tuck's identification of defendant and Henry Loftis as the two men who perpetrated the robbery. Consequently, the state called Bonnie Miller as a rebuttal witness for the professed purpose of "shoring up" Tuck's identification of defendant and Henry Loftis. The state asked Bonnie Miller, a "girl friend" of Loftis, if Loftis told her that he had robbed the Clark Oil Company station. Defendant interposed a timely objection on the ground that the question sought to elicit an answer which would violate the hearsay evidence rule. The trial court overruled defendant's objection and permitted Bonnie Miller to answer. To the state's apparent surprise and consternation, Bonnie Miller denied that Henry Loftis ever made such a statement. Although defendant's objection appears to have been well taken,[1] Bonnie Miller's negative answer rendered any claimed error associated therewith harmless. In view of Bonnie Miller's negative answer, defendant's claim of error literally defies any clear perception or understanding. The record itself reduces defendant's single claim of error to a recondite status. Unfortunately, the briefs submitted by the parties fail to throw any light on this legal conundrum.

Probing the matter further, the record discloses that the state, after being rebuffed by Bonnie Miller's negative answer, proceeded to cross-examine her by claiming surprise and hostility. Defendant made no objection thereto. The state proceeded to do so by having Bonnie Miller identify a written statement, bearing her signature and initials, which she had given to two detectives who interrogated her in connection with the robbery. In her written statement she inculpated Henry Loftis by certain remarks, the general tenor of which was he told her that he had committed the robbery in question. After Bonnie Miller identified the extrajudicial written statement she had made to the interrogating detectives, the state offered it in evidence. When the statement was offered by the state, defense counsel unequivocally stated, "I have no objection", whereupon the court admitted the statement into evidence. The state then proceeded, without objection, to question Bonnie Miller by specific reference to certain portions of the statement regarding remarks contained therein inculpating Henry Loftis. Bonnie Miller admitted that she had made remarks to the interrogating detectives inculpating Henry Loftis, as evidenced by her written statement, but denied the truth and veracity of such remarks and contended that they were made solely for the purpose of her being released from custody by the interrogating officers. Defense counsel, in cross-examining Bonnie Miller at this juncture of the trial, utilized her written statement and obtained a reconfirmation from her that any remarks she made to the interrogating officers inculpating Henry Loftis were, in fact, untrue. The total effect of Bonnie Miller's testimony, both on direct and cross-examination, is inconsistent with the single claim of error raised by defendant on appeal. Viewed in its totality, Bonnie Miller, both on direct and cross-examination, disavowed that

---

1. See: *State v. Hill*, 352 Mo. 895, 179 S.W.2d 712, 716 (1944); *State v. Cross*, 357 S.W.2d 125 (Mo.1962); and *State v. Newell*, 462 S.W.2d 794 (Mo.1971).

Henry Loftis ever told her that he perpetrated the robbery in question.

■ Although defendant does not contend that his initial objection (which was overruled by the trial court) viably carried over to the remarks contained in Bonnie Miller's extrajudicial statement inculpating Henry Loftis, the court will ex gratia view the matter in the perspective mentioned. After doing so, it is obvious that such a contention, if made by defendant, would be erroneous for the following reason. When defense counsel unequivocally stated that he had no objection to Bonnie Miller's extrajudicial statement being admitted into evidence, any hearsay attribute attached to it with reference to remarks contained therein inculpating Henry Loftis was affirmatively waived. *State v. McGee,* 336 Mo. 1082, 83 S.W.2d 98, 108 (1935); *State v. Holbert,* 416 S.W.2d 129, 131 (Mo.1967), reversed on other grounds; and *State v. Starr,* 492 S.W.2d 795, 801 (Mo. banc 1973). Hearsay evidence, although otherwise inadmissible, when admitted without objection, is in a case for all purposes and may be given its natural and logical probative effect by the trier of the facts. *State v. Thomas,* 440 S.W.2d 467, 470 (Mo.1969); and *State v. Bradley,* 515 S.W.2d 826, 828 (Mo.App.1974).

Judgment affirmed.

All concur.