**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Donald Dale HOLT, Defendant-Appellant.**

**No. 10399.**

Missouri Court of Appeals,
Springfield District.

Aug. 26, 1977.

Motion for Rehearing or Transfer
Denied Sept. 21, 1977.

Application to Transfer Denied
Oct. 11, 1977.

Loren R. Honecker, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before HOGAN, P. J., and KENNEDY, CROW and BACON, Special Judges.

DON W. KENNEDY, Special Judge.

In a jury-tried case in the Circuit Court of Greene County, defendant Donald Dale Holt was convicted on April 19, 1976, of striking Springfield police officer Harvey Rector while the officer was engaged in the performance of his legal duties, in violation of § 557.215, RSMo 1969. Under the Habitual Criminal Act the court fixed his punishment at two years in the Department of Corrections. His motion for a new trial was overruled.

On this appeal defendant puts forward three points of alleged error which he claims entitle him to a reversal.

The first point is that the evidence is not sufficient to support his conviction. In particular, he says, it is insufficient to show that his kicking officer Rector was "willful", and then he says that it is insufficient to show that the officer was engaged in the performance of his legal duties. Both these facts are required to be shown under § 557.215.

The following account of the incident in question is gathered from the state's evidence.

Officer Rector on the evening of May 28, 1975, was attempting to arrest defendant's 16-year-old nephew, James Hickey, outside Bud Perry's tire store in Springfield. Hickey, apparently drunk, and wishing to take up with Perry a controversy over a tire, had kicked in the plate glass door at the tire store, had struck a bystander, and was using loud and profane language. During the disturbance, the officer arrived on the scene and undertook to arrest Hickey. Hickey resisted Rector's attempts to arrest him. Rector had Hickey on the ground in an attempt to handcuff and subdue him when defendant, who had accompanied his nephew to the store, but who up to this point had remained somewhat inconspicuous, angrily protested the arrest and attempted to pull the policeman off Hickey.

A second Springfield police officer, Don Adamson, arrived on the scene, followed by a Greene County deputy sheriff. Adamson, with some force, removed the defendant from the fray. Rector, after getting Hickey under control with the aid of the deputy sheriff, turned his attention to defendant. He told him he was under arrest "for obstructing an officer, and for being drunk." The officers' attempts to handcuff defendant were energetically opposed, by both vocal and physical means. Defendant cursed the officers, struck at them, kicked at them, and screamed that they were not going to take him to jail. In the course of the struggle, he "knee'd" officer Rector in the groin.

When the arrest was finally completed, defendant, along with Hickey, was hauled off in the paddy wagon.

Defendant's version of the incident, coming from Hickey and from the defendant himself, described a slower-paced, quieter and more peaceful event. Defendant denied kneeing officer Rector. He stated that he had once kicked at the officers, but missed. In view of the adverse verdict, it is not necessary to detail defendant's evidence.

The "willfulness" of an act is a matter rarely capable of direct proof, but must be found, if at all, in the circumstanc-

es. In this case, the state's testimony of the blow itself, surrounded as it was by the defendant's emphatic and profane protests, his kicking and striking, was descriptive of an intentional act. The jury could have found it so to have been, as they did by their verdict. *State v. Reed*, 453 S.W.2d 946 (Mo.1970).

As to the alleged deficiency in the evidence showing that the officer was "actively engaged in the performance of duties imposed upon him by law":

The police officers were constituted by law "conservators of the peace" and enjoined "to arrest . . . all persons who shall break the peace," § 85.340, RSMo 1969. This court does not need to examine critically the arrest, nor determine precisely what, if any, city ordinance or state statute the defendant had violated before, and for which the officer attempted to arrest him. To make such an arrest as this, to quell the affray, to prevent its fresh outbreak, is well within the ambit of their legal duties. There could be policemen's activities so far removed from the normal, the expected and the mandated, as to be beyond the scope of the phrase "duties imposed . . . by law," but other cases will locate the perimeter of that concept, for here the actions of the officers were at or very near its center. *Kansas City v. LaRose*, 524 S.W.2d 112, 119 (Mo. banc 1975); *State v. Briggs*, 435 S.W.2d 361, 364, 365 (Mo.1968); *State v. Nunes*, 546 S.W.2d 759, 762, 765 (Mo.App. 1977); *State v. Bradley*, 515 S.W.2d 826, 828, 829 (Mo.App.1974).

Next, the defendant says the court erred in failing to instruct on common assault, claiming that common assault is a lesser included offense within the charged offense.

This exact point has been presented and disallowed in *State v. Taylor*, 498 S.W.2d 614, 617 (Mo.App.1973), which held that no common assault instruction was required when it was clear that the victim of the striking was a police officer who was at the time engaged in his official duties. That is the situation here. We have earlier said that there was sufficient evidence of these facts to make a submissible issue; we now go further and say there was no substantial evidence to the contrary.

Finally, defendant says the conviction should be reversed because his trial was too long delayed, and he was thereby deprived of his constitutional right to a speedy trial.

The speedy trial issue was raised for the first time in defendant's motion for a new trial. In order to be preserved for consideration on appeal, it must have been presented at the earliest feasible time and kept alive through successive stages of the trial. In this case it must have been raised by pretrial motion, and it is too late when it appears for the first time in the motion for a new trial. *State v. Flynn*, 519 S.W.2d 10, 12 (Mo.1975). We have, however, considered the argument in a cursory way, and believe that the constitutional standards of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in the circumstances of this case, were not offended by the lapse of ten and one-half months from the date of offense to time of trial.

The judgment is affirmed.

HOGAN, P. J., and BACON, Special Judge, concur.

CROW, Special Judge, not participating.