STATE of Missouri, Respondent,

v.

Felix Samuel MARTIN, Appellant.

No. 40844.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 6, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1979.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Jim McGhee, Pros. Atty., Bloomfield, for appellant.

Rob G. Carpenter, Oklahoma City, Okl., Gary L. Smith, Smith & Holden, Dexter, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Felix Martin guilty of wounding a police officer engaged in performing his lawful duties. Sec. 557.-215, Laws 1965. The court sentenced defendant, as a prior felon, to four years in prison.

Defendant appeals, contending primarily that the trial court erred in refusing his self-defense instruction, a modified MAI–CR 2.40. Error depends on whether evidence favorable to defendant warranted that instruction.

A brief background statement of the conceded facts will suffice to focus on the pertinent facts concerning the propriety of the self-defense instruction. The parties are in substantial agreement that: Defendant, with his wife and several children, lived in a rural trailer home. She was having emotional problems and he filed a petition in probate court to have her declared incompetent. After a hearing the court denied the petition. Mrs. Martin preferred to live elsewhere and the probate judge recommended that she return to the trailer home and pick up her personal effects. Defendant was agreeable to this, and the probate judge later requested a deputy sheriff to accompany Mrs. Martin for that purpose. That evening she and two deputy sheriffs, Larry Hampton and Bill Stroup, drove to the parties' home in a patrol car; sheriff Hampton went to the door and told defendant his wife wanted to come in, to which defendant consented. Then Hampton and Stroup brought Mrs. Martin to the door and defendant held it open for her. At that point the evidence diverged.

The state's evidence came from sheriff Hampton, supported by deputy Stroup: When Mrs. Martin entered Hampton tried to follow her inside. Defendant blocked Hampton, who demanded entrance. Defendant cursed Hampton and denied entry without a search warrant. Defendant

lunged from the door, grappled with Hampton, and they fell to the ground, the defendant pulling Hampton's revolver from its holster and pointing and trying to fire it at him as they wrestled on the ground. Sheriff Hampton grabbed the gun, and with his hand blocked the hammer as defendant pulled the trigger. During this struggle defendant's mother and two teenage sons joined in, pulling at and striking sheriff Hampton.

As said, defense testimony varied starkly, coming from defendant and substantially supported by his mother and two sons: As Mrs. Martin approached the trailer sheriff Hampton asked defendant if he had any guns and said he wanted them. Defendant told Hampton he couldn't come inside without a search warrant and held onto the door. Hampton forced the door open, came inside, cursed defendant, hit him in the chest and knocked him back against a table. At the doorway Hampton then unsnapped his holster, again cursed defendant and said: "I'm gonna give you a bullet right in the belly." As Hampton began to pull his gun from the holster and was raising it defendant grabbed the barrel. The two men fell to the ground, violently struggling for possession of the gun. When defendant's son twisted Hampton's arm he released the gun. Defendant took it, gave it back to Hampton, the affray ended, and defendant was arrested.

As said, defendant offered and the court refused defendant's offered self-defense instruction. In part, it read: "If the defendant had reasonable cause to believe and did believe that he was in immediate danger of serious bodily harm and had reasonable cause to believe and did believe that it was necessary for him to act as he did to protect himself from such danger, then you are instructed that he acted in lawful self-defense and must be acquitted."

The gist of defendant's evidence was that he denied sheriff Hampton entry to defendant's trailer to search for guns; that Hampton forced his way in, assaulted, cursed and threatened to shoot defendant, took out his gun and while pointing it at defendant, they began struggling for its possession.

■ In two cases of wounding a police officer while performing lawful duties it was held the asserted defense of self-defense was not supported by the evidence. See *State v. Ross*, 492 S.W.2d 792(1) (Mo. 1973), and *State v. Milentz*, 521 S.W.2d 1(1, 2) (Mo.App.1975). However, where there is such evidence the rule is: "Any unlawful interference with the fundamental right of personal liberty may be resisted. Accordingly, every person has a right to resist an unlawful arrest." *Kansas City v. Mathis*, 409 S.W.2d 280(7) (Mo.App.1966). See also *City of St. Louis v. Penrod*, 332 S.W.2d 34(7) (Mo.App.1960). In *State v. Browers*, 356 Mo. 1195, 205 S.W.2d 721(5, 6) (1947), an action for assaulting a police officer, the court held that if there was evidence the officer had no right to arrest a resisting defendant, the trial court must instruct on self-defense.

The latest case on the subject is *State v. Nunes*, 546 S.W.2d 759(1–2, 12) (Mo.App. 1977). In affirming a conviction for violating Sec. 557.215 the court held defendant was not entitled to a self-defense instruction only because the evidence showed he was the aggressor and the police had not used unreasonable force. (l. c. 764, 765). However, the court logically ruled (1, 2, 14) that a citizen's right of self-defense permits reasonable resistance by a citizen to excessive force in order to protect his person. The court concluded at l.c. 764: "Any substantial evidence of self-defense—even from the defendant alone—requires instruction on the issue to the jury as part of the law of the case."

■ Here, defendant's evidence was that he took no aggressive action until sheriff Hampton had threatened to shoot him and was pulling out his gun, at which time defendant first took action by struggling for and finally getting possession of the gun. We hold this evidence required an instruction on self-defense and the trial court erred in refusing it.

Reversed and remanded.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.