STATE of Missouri,
Plaintiff-Respondent,

v.

Edward L. BOUCHER,
Defendant-Appellant.

No. 14568.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 18, 1986.

Susan L. Hogan, Columbia, for defendant-appellant.

Gary Ratzlaff, Pros. Atty., Lamar, for plaintiff-respondent.

FLANIGAN, Judge.

The trial court, sitting without a jury, found the defendant guilty of stealing, (§ 570.030),[1] a Class A misdemeanor, and he was sentenced to confinement in the county jail for 38 days. The article allegedly stolen was a chain saw. Defendant appeals.

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

Defendant's sole point is that the evidence is insufficient to support the conviction. Specifically defendant argues that the state failed to prove that defendant appropriated the chain saw without the owner's consent.

Section 570.030.1 reads:

"A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

Section 570.010 reads, in pertinent part:

"As used in this chapter:

. . . . . .

(3) 'Appropriate' means to take, obtain, use, transfer, conceal or retain possession of;

. . . . .

(8) 'Deprive' means

(a) To withhold property from the owner permanently; or

. . . . .

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely;"

Section 562.016.2 reads:

"2. A person 'acts purposely', or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result."

The factual portions of the information charged that the defendant, on September 21, 1985, in Barton County, "appropriated one Homelite Super XL2 chain saw, which said property was owned by Richard W. Rector and defendant appropriated such property without the consent of Richard W. Rector and with the purpose to deprive him thereof." The information did not charge stealing by means of deceit and the state's brief disclaims any reliance on that theory.

Richard Rector, the principal witness for the state, testified that at about 10:30 p.m. on Tuesday, September 17, 1985, defendant and Gary Bougart came to Rector's home and defendant asked Rector if he could borrow Rector's chain saw. Rector told defendant he could do so.

According to Rector, "[Defendant] said he would bring it back the next afternoon or no later than Saturday, and I gave it to the defendant.... The chain saw was not returned on Saturday nor has it been returned as of today (November 19, 1985).... I looked all over the countryside for four days and could not find defendant.... [After the loan of the saw] Gary Bougart told my wife Tammy where the chain saw was. Tammy and I went to Roy Berryhill's house and [he?] said the chain saw had been in the trunk of Roy's car. Roy and his wife went out and picked up a lawn mower and Roy set the chain saw in the back seat of his car. Roy said that [defendant] came by that night and the next day [defendant] and the chain saw were gone."

There was no objection to any of the foregoing testimony and indeed some of it was elicited by defense counsel on cross-examination.[2]

The only other witness for the state was Tammy Rector, Richard's wife, who testified that, at the time of the loan of the saw, defendant told her husband that "he would have the chain saw back by Saturday. The chain saw has not been returned." Such was the state's case.

Defendant, testifying in his own behalf, admitted that he borrowed the chain saw from Rector and used it to trim some trees. Defendant further testified, "Roy Berryhill was supposed to help me but he did not. Roy took me out there and Roy came back and got me. Roy was not able to help me because Roy was drunk. Roy's wife was there. I used the chain saw about an hour and a half on one day. Roy said he had enough gas to take the saw back to Rector's house so I put the saw in Roy's trunk and that's the last I saw of Roy or the saw. Roy said he would take the saw back. I was arrested on October 12, 1985. I first found out Rector had not got his saw back

---

2. Present counsel for defendant did not repre-    sent him in the trial court.

when they arrested me. I told the police it was in the trunk of Roy's car."

The findings of the trial court "have the force and effect of the verdict of a jury." Rule 27.01(b). In determining the sufficiency of the evidence to support the conviction, this court must accept as true all evidence tending to prove defendant's guilt, together with all inferences reasonably to be drawn therefrom and must disregard all contrary evidence and inferences. *State v. Giffin*, 640 S.W.2d 128, 130[1, 2] (Mo.1982); *State v. Poole*, 683 S.W.2d 326, 327[1] (Mo.App.1984).

Rector lent the saw to defendant on September 17, 1985, with the express understanding that the saw was to be returned no later than September 21, 1985. It was not so returned. Thereafter, Rector made unsuccessful efforts to locate defendant. Defendant testified that he gave the saw to Roy Berryhill and Berryhill was to return the saw to Rector. There was hearsay[3] testimony from Berryhill that the saw had been placed in Berryhill's car and that defendant "came by that night and the next day defendant and the chain saw were gone." There was no testimony from Berryhill, by hearsay or otherwise, that it was defendant who took the saw from Berryhill's car.

In essence the state's case showed a bailment of the saw by Rector to defendant and a failure by defendant to return the saw on the date he agreed to return it. This showing is insufficient to support the conviction.

In *State v. Britt*, 213 S.W. 425 (Mo.1919), a jury found defendant guilty of "embezzlement by bailee," in violation of § 4552 RSMo 1909.[4] The state's evidence showed

that defendant Britt borrowed a shotgun from its owner and promised to return the gun later that same day. Defendant failed to keep his promise "and continued so to fail for some eight months, at the end of which time this prosecution was commenced." Such was the state's case. There was no showing that the owner made a demand upon the defendant for the return of the gun nor was there any showing that defendant sold the gun or secreted it or disposed of it "or otherwise in any affirmative or overt way converted it to his own use." A state's witness testified that defendant still had the gun and another state's witness testified that defendant had told the witness that the gun had been stolen from defendant.

The Supreme Court held that the evidence was insufficient to support the conviction. The court said that acts of a bailee in selling or disposing of the bailed property, or putting it out of his control or secreting it are circumstances tending to show conversion and the same would be true if the bailee took the property with him and left the community or if he refused upon demand to deliver the property absent excusing circumstances.

At p. 427 the court said:

"We are not saying that there exists always a necessity for the making of demand on the bailee by the owner for the delivery of the property as a condition precedent to a prosecution for embezzlement by a bailee ...; but we are saying that if there is no demand for delivery there must be shown in the case aliunde some other evidence of conversion by the accused. This is well-nigh fundamental. For, manifestly, if so it be

3. "Hearsay evidence, although otherwise inadmissible, when admitted without objection, is in a case for all purposes and may be given its natural and logical probative effect by the trier of the facts." (Citing authorities.) *State v. Day*, 531 S.W.2d 780, 782 (Mo.App.1975).

4. Section 4552, RSMo 1909 read, in pertinent part: "If any ... bailee ... shall embezzle or convert to his own use ... property ... which

shall have been delivered to him, or shall have come into his possession or under his care as such bailee ... he shall, on conviction, be adjudged guilty of larceny. ..."

· The comment under § 570.030 reads: "Under the Code, stealing without consent includes, but is not necessarily limited to, conduct which would have constituted larceny, larceny by bailee and embezzlement under prior law."

that the defendant here had had the gun in question stolen from him, as one of the state's witnesses swore, he could not be guilty of embezzlement. If defendant still had the gun in his possession, as another witness for the state swore, no guilt of the crime of embezzlement can be bottomed on this bare fact alone; surely, then, demand and refusal to return the gun must at least be shown."

The court rejected the proposition that the defendant "committed a felony by his mere failure to return the borrowed property to the owner thereof at the time he agreed to return it."

Also at p. 427 the court said:

"[W]e are dealing with private property, wherein the mere failure to deliver is not alone sufficient to convict, but there must be shown a fraudulent conversion which amounts to depriving the owner of dominion over his property, with the felonious intent so to deprive such owner thereof.... In short, we are saying that there must be some evidence in the case of either a direct or a circumstantial character to show when and how the accused ceased to be a borrower and became an embezzler." (Citing authorities.)

In the case at bar the state failed to show that after the loan was made defendant received a demand from Rector for the return of the chain saw. If defendant turned the saw over to Berryhill, as defendant said he did, so that Berryhill could return it to Rector, defendant's conduct fell short of a criminal conversion. There was no evidence of any other reason for Berryhill's possession of the saw. There was no evidence that the disappearance of the saw from Berryhill's possession was caused by the act of defendant.

The judgment is reversed and the defendant is ordered discharged.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.