STATE of Missouri, Plaintiff-Respondent,

v.

Lawrence LEWIS, Defendant-Appellant.

No. 35560.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 16, 1975.

Motion for Rehearing or Transfer
Denied Jan. 23, 1976.

James A. Bell, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

A Circuit Court jury found defendant guilty of robbery in the first degree by means of a dangerous and deadly weapon, and assessed his punishment at imprisonment for twenty-two (22) years. The trial court entered judgment upon the verdict of the jury, but commuted the sentence to imprisonment for twenty (20) years. Defendant appealed.

For reversal of the judgment defendant claims that the trial court erred (1) in failing to submit two proffered converse instructions; (2) in permitting the State to introduce evidence of a stolen automobile

844

that was not connected with defendant; and (3) in allowing the State to argue evidence of his past criminal record before the jury to show guilt.

■■■■ We decline to consider points one and three because of defendant's violation of our rules. Pertaining to point one, defendant failed to set out either instruction in the argument portion of his brief in violation of Supreme Court Rule 28.18, V.A. M.R., to these proceedings. Consequently, we do not consider this point on appeal. Likewise, we find that point three violates Rule 84.04(c), V.A.M.R., since no facts are set forth in the brief that are relevant to a determination of the question presented. Therefore, this point will not be considered.

From the evidence presented a jury could have reasonably found that on April 14, 1972, two armed men robbed the Del Farm Food Store located at McCausland and Manchester in the City of St. Louis, of $16,000. At a pretrial lineup and by in-court identifications, four (4) persons present at the time of the robbery identified defendant as a participant.

A bread salesman, who was unable to identify defendant as a participant, testified, however, that the two robbers fled from the store and entered a white, two-door, '64 or '65 Chevy Chevelle, bearing the license number "K1 or I, as in Ida," and having a light blue interior. He also testified that he had given this information to the police, which was verified by the police officer who received the report.

A Mr. Meyer testified that on April 14, 1972, he reported a missing car. It was a white 1965 Chevelle—license number K1J760. He had parked this car at the intersection of Delmar and Skinker Boulevard on the West side of Skinker at 7:10 A.M. When he returned at 5:20 P.M., it was gone. Two days later he recovered the car at Mitchell Avenue just one block East of McCausland Avenue.

■■■■ Despite the corresponding dates and similar appearance, this automobile turned out not to be the car used by defendant as a getaway car. However, no objections were made by the defendant to any of the above testimony pertaining to the car by Mr. Meyer, the officer who took the report of the stolen car, or the officer who assisted in the recovery of the automobile. Also, nowhere in the transcript did anyone—police, witness, or prosecutor—other than defendant's attorney, use the words "stolen car." Since the defendant failed to object to the evidence here complained of, giving the trial court no opportunity to correct the alleged error, we refuse to review the claim. See *State v. Crow,* 486 S.W.2d 248 (Mo.1972) and *State v. Morgan,* 444 S.W.2d 490 (Mo. 1969), where the court held alleged error not objected to at trial was waived.

■■■■ Moreover, we refuse to invoke our "plain error" Rule 27.20(a) because a review predicated upon claims of plain error requires not only that error be found but also a strong, clear showing that injustice or miscarriage of justice will result, *State v. Garrett,* 518 S.W.2d 97 (Mo.App.1974).

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.