STATE of Missouri,
Plaintiff-Respondent,

v.

Matt SAVU, Defendant-Appellant.

No. 37287.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 7, 1976.

Motion for Rehearing or Transfer
Denied Feb. 14, 1977.

London & Greenberg, Lawrence Fleming, St. Louis, Dempster, Yokley & Fuchs, Gene R. Yokley, Sikeston, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert M. Sommers, Asst. Attys. Gen., Jefferson City, A. J. Seier, Pros. Atty., Cape Girardeau, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Matt Savu was found guilty of the offense of stealing property of a value of at least $50.00, and was sentenced to five years imprisonment by the jury. §§ 560.156, 560.161, RSMo.1969. From this conviction, defendant appeals.

On December 16, 1974, one woman and two men were observed leaving the P. N. Hirsch store in Jackson, Missouri, wearing long, dark topcoats that bulged in the back. They entered a dark brown Oldsmobile whose license number was noted by an employee of the store. A check of the department from which direction the trio had come revealed nine men's leisure suits of the value of $33.00 each were missing. The police were notified, and a description of the automobile and its occupants was sent over the radio. Although defendant could not be identified by employees of the P. N. Hirsch store as personally present, he was identified as one of the trio in other stores

from which merchandise had been taken in the same area on the same day.

Later that same day, the automobile was seen by a special officer of the Cape Girardeau, Missouri, police department. The officer followed the car and prevented its occupants, defendant and his companions, from leaving after it was parked in front of a restaurant. A regular officer was called to take the trio into custody. In the automobile, the officers later discovered a cache of merchandise stolen from several stores in the vicinity, including the suits from the P. N. Hirsch store.

Defendant first contends that his motion for acquittal should have been sustained. The facts and circumstances here introduced in evidence together with the inference that the possessor of recently stolen goods whose possession is unexplained are sufficient to submit the case to the jury. Joint possession with others in an automobile soon after the theft satisfies the requirement that possession be exclusive. *State v. Ransom*, 500 S.W.2d 585, 588[4] (Mo.App.1973), and cases cited therein.

Defendant's second contention that the court erred in admitting evidence of other crimes allegedly committed by defendant must also fail. Defendant did not preserve this error on appeal because he failed to make timely objections to the evidence at the time it was introduced during trial. *State v. Lewis*, 532 S.W.2d 843, 844[3] (Mo.App.1975). In light of the trial court's statement when it denied a pre-trial motion to exclude this evidence, that it would "rule on the evidence questions as they arise", objections to the admission of such evidence prior to trial and during the prosecutor's opening statement were not sufficient to preserve the point for appellate review. *State v. Rennert*, 514 S.W.2d 579, 580[2] (Mo.1974).

Finally, defendant contends that the court erred in admitting photographs of the stolen items discovered in the automobile in which defendant was found. As the basis for his contention defendant submits that the photographs were not properly

identified, that no foundation was laid for their introduction, and that they were not the best evidence.

It is obvious that the best evidence rule does not apply here because the rule pertains only to documents, and not to objects. *State v. Frith*, 525 S.W.2d 568, 570[1, 2] (Mo.App.1975). Testimony revealed that the photographs were fair and accurate representations of the objects shown therein. Testimony by the arresting officer traced the objects from the automobile in which defendant was riding to their removal, identification and photographing in his presence at police headquarters. Sufficient identification was made, and proper foundation for admission was laid. *State v. Rogers*, 523 S.W.2d 344, 347[6] (Mo.App. 1975).

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.