**STATE of Missouri, Respondent,**

v.

**Ozell JOHNSON, Appellant.**

**No. 44082.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1982.

Motion for Rehearing and/or Transfer Denied May 14, 1982.

Application to Transfer Denied July 12, 1982.

William J. Shaw, Jane B. Phillips, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

The state charged defendant Ozell Johnson with stealing money by deceit. Section 560.156, RSMo. 1969. A jury found him guilty and the trial court sentenced him to ten years in prison. He appeals; we affirm.

The pertinent evidence: On July 11, 1977 defendant got $1,500 from Roosevelt Federal Savings by using a forged withdrawal slip. Two employees followed defendant as he left hurriedly for his car. They identified him at a lineup and also in court. There an expert witness identified palm prints and handwriting on the withdrawal slip as comparable to those previously taken from defendant. The evidence sufficed to show stealing by deceit.

Defendant now contends the court erred twice. First, in not discharging him because evidence showed the specific but uncharged offense of forgery. Section 561.011, RSMo. 1969. The state contends this is immaterial because the evidence supported both the charged and uncharged offense. Second, that an incriminating palm print was received in evidence without adequate foundation. The state responds the exhibit was properly identified by an expert witness.

Defendant cites no case to support his first contention. (We note parenthetically there is the same punishment for forgery and stealing by deceit.) The state relies on *State v. Koen*, 468 S.W.2d 625 (Mo.1971) holding: "It is often true that a single act will constitute an offense under two different statutes. In that situation it is generally held that the state may elect to prosecute for either offense." This was followed in *State v. Malveaux*, 604 S.W.2d 728[8, 9] (Mo.App.1980) holding: "Election to prosecute for a single act, which may constitute an offense under different statutes is permissible."

We deny defendant's first point.

By his second point defendant challenges expert testimony that it was his handwriting and palm print on the withdrawal slip. No such objection was made during the expert's testimony but we look to the challenge now made.

Defendant concedes the state's expert witness was qualified. He was an inspector in the postal department's crime laboratory. Defendant contends there was no testimony about the method of lifting the palm print from the withdrawal slip. He cites cases where experts did testify to the method used in lifting prints, but none holding that was required. And, expert testimony without the foundation now challenged has been approved. See *State v. Deutschmann*, 392 S.W.2d 279[2, 3] (Mo.1965) and *State v. Simmons*, 528 S.W.2d 8[5] (Mo.App.1975).

Defendant's challenge basically concerns his identification. The palm print testimony merely confirmed that of eye-witnesses. In *State v. Patterson*, 598 S.W.2d 483[5] (Mo.App.1980) we held such convictions "are to be set aside only if the identification procedure was 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification'." Defendant's challenge to the palm print testimony falls short of that level.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.