STATE of Missouri,
Plaintiff-Respondent,

v.

Roy MAGGARD, Defendant-Appellant.

No. WD 32991.

Missouri Court of Appeals,
Western District.

April 27, 1982.

H. H. McNabb, Jr., McNabb & Pursley, Butler, for defendant-appellant.

John Ashcroft, Atty. Gen., Melinda Corbin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Roy Maggard was convicted by a jury of stealing and burglary. The circuit court sustained his motion for acquittal on the burglary conviction and imposed a sentence of five years imprisonment for stealing. He appeals, claiming (1) that he was deprived of a fair trial when he was escorted to trial in manacles in view of the jury panel, and (2) that the evidence was insufficient to sustain a verdict of guilty on the charge of stealing.

After twelve noon May 2, 1981, a pickup truck was stolen from Jones International in Bates County. Within two or three days, a highway patrol officer observed the truck backing out of a garage at 2201 Poplar in Kansas City. The highway patrolman was on a "stake out" on that address at that time. He followed the truck for two blocks and then arrested the driver, one Dennis Miller.

Katherine Mahurin testified that defendant was at her home at 2201 Poplar from 3:00 or 4:00 p. m. on May 2 until 7:30 or 8:00 p. m. that evening. She saw him again sometime after 10:00 Sunday morning, May 3rd, talking with Albert Pingleton in front of her house. Albert Pingleton stated that at 10:00 Sunday morning, May 3rd, defendant and Donnie Wiseman gave him a truck identified as the one stolen from Jones International. The keys to the truck were obtained from the defendant. Defendant was the one who told Pingleton he could have the truck and defendant alone went with Pingleton to get the truck on Sunday morning. Defendant did not give Pingleton a certificate of title to the truck.

Defendant claims error in the trial court's refusal to grant a mistrial on the basis of the jury panel's opportunity to view him in shackles prior to the trial. There is no evidence as to how many, if any, of those chosen for jury service, actually saw defendant in restraints. "[A] brief, inadvertent exposure to the jury of a handcuffed defendant while he is being taken from one place to another does not deprive the defendant of a fair trial." *State v. Berger*, 618 S.W.2d 215, 218 (Mo.App.1981); *State v.*

*Crawford*, 539 S.W.2d 633, 635 (Mo.App. 1976). The defendant was being taken to the judge's chambers prior to the trial. The trial judge noted that the facilities in Bates County did not provide for any other place for the jurors to assemble, and he had never seen the arrangement to be prejudicial to a defendant. The trial court did not err in denying defendant's motion for mistrial.

Defendant argues that the evidence was insufficient to support his conviction for stealing because the state proved joint possession of the stolen truck. This he contends is not an adequate basis from which to infer guilt of stealing. In support of his argument that the state proved joint possession, he relies on testimony by state witness Albert Pingleton:

Q   Who gave [the truck] to you?

A   Roy Maggard and Donnie Wiseman.

██   The possession of a recently stolen automobile is a circumstance from which guilt of stealing may be inferred. *State v. Jones*, 610 S.W.2d 396, 398 (Mo.App.1980); *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979). To support guilt, the possession by an accused need not be separate from the others but may be joint with them, and joint possession may give rise to the inference of guilt of the theft. *State v. Savu*, 560 S.W.2d 244, 245 (Mo.App.1976); *State v. Ransom*, 500 S.W.2d 585, 588 (Mo.App.1973).

██   Pingleton asserted that Roy Maggard told him he could have the truck. He further asserted that Roy Maggard walked with him to the truck and rode back to 2201 Poplar with him in the truck. Maggard was the one who had the keys and who stated that the keys belonged to the truck. Pingleton also stated that magnetic signs indicating the ownership of the vehicle as being in Jones International were still on the truck. Defendant had sufficient possession of the stolen truck to support the inference. *State v. Savu, supra.*

*State v. Farmer*, 490 S.W.2d 72 (Mo.1973), and *State v. Jones, supra*, are cited by the defendant in support of his claim of a lack of sufficient evidence of possession. The cited cases are factually inapposite.

There was nothing ambiguous about defendant's possession of the truck: he had access to and control over the truck, he physically delivered the keys to Pingleton, and he at least implicitly claimed authority to give it away. In addition, facts existed which indicated that the defendant had the opportunity to commit the theft. The evidence disclosed his possession of the stolen truck within less than 24 hours of the theft. He attempted to dispose of stolen property by giving it away without a certificate of title. The circumstances were such that a jury would be justified in finding that the defendant stole the truck from Jones International. *State v. Savu, supra.* The evidence was sufficient to submit the issue to the jury.

The judgment is affirmed.

All concur.