**STATE of Missouri, Respondent,**

v.

**Franklyn W. SAMMONS, Appellant.**

**No. WD32839.**

Missouri Court of Appeals,
Western District.

Aug. 31, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 5, 1982.

Application to Transfer Denied
Nov. 15, 1982.

James W. Fletcher, Public Defender, Kansas City, Gary L. Gardner, Asst. Public Defender, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Kristie Green, Asst. Atty. Gen., for respondent.

Before KENNEDY, P.J., and WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

Defendant appeals from his conviction by jury of second degree burglary. His sole point on appeal is the allegedly erroneous admission of testimony given by the prosecution fingerprint expert. We affirm.

The object of the burglary in question was the home of George Miller, located at 2600 Colorado, Kansas City, Missouri. When Miller and his wife left home at about 12:30 p.m., their windows and doors were locked closed. On their return about 3:45 p.m., they found the front door smashed open and the house ransacked.

About 3:30 p.m., Miller's neighbors Janette Boehm and Lyndall Blake, on returning to their home found the street partially blocked by an automobile, unoccupied and with the engine running. Alerted by this that something unusual was afoot, Boehm and Blake observed two men standing on the Miller porch trying the front door, and then Blake saw one of them kick in the door. Boehm thereupon called the police.

The police arrived within minutes, and Boehm and Blake then saw two men running out the back of the Miller home. The police made a search of the neighborhood and apprehended defendant and another. Blake identified defendant as one of those whom he had seen on the Miller porch. A police search of defendant disclosed, among other items, a prescription bottle bearing a name "the same as the name of the person that lived in the residence at 2600 Colorado." As part of the police investigation, Officer Liberty found and lifted fingerprints inside the Miller residence. Miller testified that he did not know defendant or his companion and that they had no permission to enter the Miller home.

At trial, the prosecution offered the testimony of Schweiterman, a police fingerprint expert, who testified that the fingerprints lifted by Liberty (Exhibit 2) were the same as those contained on the police fingerprint card taken from defendant (Exhibit 1). That testimony was received without any objection on the part of defendant. Then the prosecution offered Exhibits 1 and 2 into evidence, to which offer defendant objected. The court initially refused both exhibits because of inadequate identification. The prosecutor then recalled Officer Williams who proceeded to testify that he had seen Liberty lift the prints and make the various notations on Exhibit 2. The prosecutor also recalled Schweiterman who qualified Exhibit 1 as a record kept in the regular business of the police department. The court thereupon admitted Exhibit 1. The court, however, again sustained the defense objection to Exhibit 2.

Defendant's point on appeal, that the admission of Schweiterman's testimony was erroneous, is based on the contention that Schweiterman's conclusion was not supported by substantial evidence. This point is divided by defendant into a number of subpoints which may be summarized as follows: (A) the fingerprint exhibits were not offered into evidence prior to Schweiterman's testimony; (B) the exhibits and Schweiterman's testimony were hearsay; and (C) the proof did not show that Exhibit 2 was taken from the Miller home, nor did the evidence show that the prints on Exhibit 1 were those of this defendant because of a discrepancy in names.[1]

The state offers various answers to the above contentions, but only one need be noted because it points out a fatal defect in defendant's position. That defect lies in the fact that defendant failed to make any objection whatever to the Schweiterman testimony which he now belatedly attacks for the first time on appeal. It is axiomatic that an objection to evidence must be made and adversely ruled in order to preserve error. *State v. Peterson,* 546 S.W.2d 175 (Mo.App.1976); *State v. Deutschmann,* 392 S.W.2d 279 (Mo.1965). Evidence introduced without objection is in the case for all purposes and constitutes evidence, the probative value of which is for the jury. *State v. Bradley,* 515 S.W.2d 826 (Mo.App.1974); *State v. Day,* 531 S.W.2d 780 (Mo.App. 1975); *State v. Anderson,* 555 S.W.2d 362 (Mo.App.1977).

1. Exhibit 1 shows that it was taken of Wesley C. Sammons, alias Franklyn W. Sammons. The amended information named Frank W. Sammons a/k/a Wesley Carl Sammons. It should be noted that during the course of trial, defense counsel referred to defendant as "Mr. Wesley Sammons."

Recognizing his difficulty in the above regard, defendant asks us to nevertheless review his point as "plain error." An appellate court may do so in its discretion when it finds that "manifest injustice or miscarriage of justice has resulted." Rule 29.12(b). However, this rule is not to be routinely invoked, should be used sparingly, and is limited to causes in which there is a strong, clear showing of manifest injustice. *State v. Ward,* 622 S.W.2d 354 (Mo.App.1981); *State v. Tyler,* 622 S.W.2d 379 (Mo.App.1981). Here the facts do not show any such manifest injustice as to invoke the extraordinary relief provided under the plain error doctrine. In this connection, it should also be noted that defendant's challenge basically concerns his identification. Here, just as in *State v. Johnson,* 634 S.W.2d 492 (Mo.App.1982), the fingerprint testimony merely confirmed that of an eyewitness.

Affirmed.

All concur.