**Richard Lee WORTHON,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12764.**

Missouri Court of Appeals,
Southern District,
Division 3.

April 18, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied April 26, 1983.

Application to Transfer Denied
May 31, 1983.

James A. DeReign, DeReign & DeReign, Caruthersville, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Kristie Green, Asst. Attys. Gen., Jefferson City, for respondent.

GREENE, Chief Judge.

In 1978, movant, Richard Lee Worthon, was charged in a two-count information with first degree robbery and assault with intent to kill. At trial, the evidence showed that Worthon had entered a grocery store operated by Oather Brown in Hayti

Heights, Missouri, broke a catsup bottle on the counter, cut Brown's throat with the broken bottle, told Brown "This is a hold up", seized Brown's billfold containing in excess of $200, and fled the scene.

Worthon, who had previously been convicted of manslaughter and assault with intent to kill, took the stand and denied the charge. At the close of the evidence, the prosecuting attorney voluntarily dismissed the assault charge because "I thought there might be some possibility of double jeopardy if he were convicted on both." The first degree robbery charge was submitted to the jury. Worthon was found guilty and was sentenced to life imprisonment by the trial court in accordance with the jury's recommendation. Worthon appealed and his conviction was affirmed. *State v. Worthon,* 585 S.W.2d 143 (Mo.App.1979).

Worthon then filed a pro se motion to vacate his sentence under Rule 27.26.[1] Counsel was appointed. The motion was amended four times, and lengthy evidentiary hearings were held. The trial court then made findings of fact and conclusions of law, and denied the relief sought. This appeal followed.

Worthon's first point relied on is that "The trial court and 27.26 hearing judge erred in denying movant's double jeopardy argument, in that as the assault charge was embodied within the robbery charge, a dismissal of the assault charge barred (i.e., was an acquittal) the state from a verdict director on robbery or verdict on robbery, due to the lack of the evidence on the element on violence to the victim."

While it is difficult to determine from the point relied on what Worthon's specific complaint is, a careful reading of the argument portion of the brief reveals his contention is that the dismissal of the assault charge amounted to an acquittal on the violence to the person issue; that the robbery charge was therefore unsupported by evidence on the violence issue and should not have been submitted to the jury, and that a "lesser graded offense" instruction, such as stealing from the person, should have been submitted to the jury.

No objection was made at time of trial to the verdict directing instruction on robbery, no request was made for an instruction on the lesser included offense of stealing from the person, no objection was raised in Worthon's motion for new trial concerning double jeopardy, or improper instructions, and no such claims were made in Worthon's appeal. Worthon's complaint on this point is not really one of double jeopardy, which is a constitutional issue, but is one of trial court error for failure to properly instruct the jury. Instructional error claims are not cognizable on 27.26 review. *Campbell v. State,* 515 S.W.2d 453, 456 (Mo. 1974); *Brager v. State,* 625 S.W.2d 892, 895 (Mo.App.1981). Movant's relabelling of trial court error as constitutional error does not make it so. *State v. Stegall,* 485 S.W.2d 414, 415 (Mo.1972); *Richards v. State,* 495 S.W.2d 442, 443 (Mo.1973). The point is denied.

Worthon's remaining point is that "The court erred in is [sic] ruling that the jury selection by the sheriff's department was proper in that the selection of extra veniremen by members of the sheriff's department violated standards prescribed by federal case law, in that members of the sheriff's department who participated in the investigation of the primary offense also selected extra veniremen."

As written, the point violates the mandates of Rule 84.04(d) as it does not state briefly and concisely what action or ruling by the trial court, or the motion hearing court, is sought to be reviewed, and wherein and why such ruling or action is claimed to be erroneous. The point does not state who the extra veniremen were, who selected them, whether they served on the jury, and, if they did serve, how Worthon was prejudiced thereby. As stated, the point preserves nothing for review. Even if it did, a claim of improper jury selection is a question of trial court error, and as such comes too late when raised for

---

1. All rules are Missouri Rules of Court, V.A. M.R.

the first time in a 27.26 motion, absent a showing that movant had no knowledge of the improper jury selection until after the trial. *Hemphill v. State,* 566 S.W.2d 200, 206–207 (Mo. banc 1978); *Ross v. State,* 601 S.W.2d 672, 675 (Mo.App.1980). In this case, no claim was made at the trial court level that the jury panel had been improperly selected or that this alleged defect was not discovered until after the appeal process. The point is denied.

The court hearing Worthon's motion, in its findings and conclusions, commendably addressed at length the 18 "grounds to vacate sentence" raised in his motion, amendments thereto, and added at the hearing. These grounds included, in addition to the two points raised here, suppression of evidence favorable to movant by the state, ineffective assistance of counsel at the trial court level, systematic exclusion of blacks and young persons from the jury panel, lack of jurisdiction by the trial court, denial of a fair and impartial jury, and an illegal sentence.

We have, ex gratia, in an effort to bring finality to this matter, or at least to bring that desired goal one step closer, reviewed each and every finding and conclusion made by the hearing court and find none of them to be clearly erroneous. Rule 27.26(j).

In view of the fact that we have reviewed all claims of error made by movant in his original motion and amendments thereto, his motion for specific performance to compel his attorney on appeal to brief and submit to this court each and every allegation of error made by movant in this cause is denied.

The judgment of the hearing court denying movant's motion to vacate is affirmed.

CROW, P.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.