STATE of Missouri, Respondent,

v.

James M. ADCOX, Appellant.

Nos. 48200, 48201.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 26, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Carp & Morris, Gary J. Morris, Ralph Levy, III, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Consolidated appeals.

Defendant-appellant James M. Adcox appeals his jury conviction of second degree burglary, § 569.170 RSMo 1978, and stealing over one hundred-fifty dollars ($150), § 570.030. The trial court sentenced him as a persistent offender to a term of 12 years imprisonment on each count to run concurrently. Next, defendant appeals the court's revocation of his probation granted in 1980 on a drug conviction and sentenced defendant to ten years imprisonment to run concurrently with the other sentences. These appeals follow. We affirm.

A dog grooming store operated by Beth Rossino was burglarized and a number of items used in the business were taken plus some cash. A few weeks later police were called to answer a domestic disturbance involving the defendant and his wife. The wife, Ms. Adcox, told the officer that the defendant had committed a number of burglaries of businesses. Ultimately Ms. Adcox turned over to the police items which were identified by Beth Rossino as having

been stolen during the burglary of her store. Defendant admitted the burglary of the store and wrote a confession with his left hand although right handed because his right hand was bandaged due to a dog bite. Ms. Adcox testified for her husband stating she had lied to the police. Defendant did not testify.

 Defendant's trial counsel, who is not defendant's counsel on appeal, did not file a motion for a new trial as required by Rule 29.11(d). Consequently, he has failed to preserve any allegations of error for appellate review. *State v. Young*, 636 S.W.2d 684, 685 (Mo.App.1982). Thus, we may only reverse the judgment of the trial court upon finding plain error. Rule 29.-12(b). This court may review on appeal under the plain error standard in its discretion when it finds that "manifest injustice or a miscarriage of justice has resulted." Rule 29.12(b). *See also State v. Sammons*, 640 S.W.2d 488, 490 (Mo.App.1982). However, this rule is not to be routinely invoked, should be used sparingly, and is limited to causes in which there is a strong, clear showing of manifest injustice. *State v. Sammons, supra* at 490. Cognizant of our limited scope of review, we examine defendant's points on appeal for plain error.

Defendant contends that the trial court committed plain error by (1) admitting into evidence his verbal and written confessions; (2) permitting the state to argue an inference of burglary drawn from the defendant's possession of the stolen property; (3) admitting into evidence certain state's exhibits based upon an insufficient identification.

As to defendant's first point on appeal, two arguments are offered for support. First, defendant claims that his confessions were induced by a promise of immunity from the state.[1] Second, his confessions were the product of an illegal arrest as it was based on information supplied by his spouse. We are not persuaded by either argument.

1. Here we note that defendant also argues that his confession should not be admitted due to his pain and suffering resulting from a dog bite on the right hand. From a review of the legal file, *defendant's motion to suppress does not even contain the slightest hint that defendant made*

Concerning his first argument, defendant asserts that he was offered immunity by an arresting officer. As the arresting officers placed the defendant in the patrol car, he inquired as to where he was going and how long he would be. At trial the arresting officer testified that he responded:

I had 20 hours to hold him during this investigation and the case could be closed. If he cooperated, we could probably close the investigation earlier than that, and he would be released.

This response was given by Officer Schroeder of the Overland Police Department as he was returning to his police station with the defendant from the St. Louis County Jail.

 A confession, in order to be admissible must be free and voluntary: that is, must not be executed by any sort of threats or violence, *nor obtained by any direct or implied promises however slight*, nor by exertion of any improper influence. (emphasis added). *State v. Hughes*, 596 S.W.2d 723, 726 (Mo. banc 1980) *citing Bram v. United States*, 168 U.S. 532, 542–43, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897). Whether a confession is voluntary turns on an evaluation of all the circumstances under which it was given. *State v. Gantt*, 644 S.W.2d 656, 661 (Mo. App.1982) *citing Brown v. Illinois*, 422 U.S. 590, 603–04, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1975). Against this backdrop of legal principles, we are unable to find even the slightest suggestion of immunity in Officer Schroeder's response. To glean from that response a grant of immunity if the defendant confessed to the crime of burglary takes quite a mental leap which this court declines to make. "A hope which originates in the mind of the person making the confession, and springs from seeds of his own planting, is not sufficient to render the resulting confession inadmissible." *State v. Hunter*, 456 S.W.2d 314, 321 (Mo.1970).

 As to the defendant's second argument, his reliance on *Ex Parte Dickinson*, 132 S.W.2d 243 (Mo.App.1939) is misplaced. *Dickinson* simply stands for the rule that a spouse is incompetent to execute a complaint for an arrest warrant against the other spouse except where complainant is the victim of the other spouse's crime. Notably, defendant makes the same argument as made by the appellant in *State v. Kerr*, 531 S.W.2d 536 (Mo.App.1975) and rejected by that court. In *Kerr* the court held that "tips" to the police against her spouse does not result in an illegal arrest. Defendant argues that this court should extend the holding of *Dickinson* and ignore the holding of *Kerr* even though based on parallel facts. Defendant makes such a request without offering any reasons. Request denied. Contention is without merit.

 As to defendant's second contention on appeal, an inference of burglary may be drawn from evidence showing the defendant in possession of recently stolen goods. *State v. Lee*, 491 S.W.2d 317 (Mo. 1973). Here, we note that not only was this point not preserved for appeal in a motion for a new trial, but also no objection by the defense was made at trial during the state's closing argument when the inference was argued. Nevertheless, defendant's wife turned over property in the defendant's possession that she knew had been stolen. The victim of the burglary sufficiently identified the property as that which had been stolen during the burglary. Lastly, and more importantly, defendant's confession ties him to the burglary. Thus, to permit such an inference does not amount to plain error.

 Defendant also contends that the state did not sufficiently identify five of its exhibits as property stolen from the victim's pet shop. Originally, the state attempted to introduce into evidence more than twenty-five items recovered from the burglary. The trial court sustained objections to all but five of the items. As to all five, the victim identified some peculiar aspect of each indicating her ownership. Thus, the state's identification establishes

his confession while under the influence of medication. Under the guidance of *State v.*

*Sammons, supra,* we refuse to examine the issue for plain error.

more than a similarity between the admitted exhibits and the items taken in the burglary. Under the guidance of *State v. Sloan*, 548 S.W.2d 633, 638 (Mo.App.1977) we find no plain error by the trial court.

The judgment is affirmed on the burglary, second degree, and stealing convictions.

On the second consolidated appeal defendant's Point Relied On is as follows: "This court should reverse the trial court's revocation of appellant's probation and imposition of ten year sentence *if* this court reverses appellant's burglary second degree and stealing over $150 in appeal No. 48200, where, as herein the probation revocation was solely based on appellant's conviction appealed in Appeal No. 48200." (Emphasis added).

It is not necessary to determine whether defendant used the proper procedure of appeal to obtain review of the revocation. Since the point relied on is predicated on a reversal of the burglary second degree and stealing and these convictions are affirmed, point is denied.

The judgment on the second appeal is affirmed.

CRIST and SNYDER, JJ., concur.