STATE of Missouri,
Plaintiff-Respondent,

v.

Anthony CUMMINGS,
Defendant-Appellant.

No. 49273.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 27, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

John Putzel, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

Attempted robbery case; the jury found defendant Anthony Cummings guilty. The trial court sentenced Cummings as a prior felon to four years in prison.

The evidence: Victim Dorothy Albert and her adult daughter Jeanne Becker were waiting outside their home while Joseph

Albert was parking his car. The two women saw defendant and his companion William Bennett approaching and as they neared the women defendant grabbed Mrs. Albert's purse. He felled her but she held on to her purse as daughter Jeanne Becker repeatedly struck defendant. Defendant gave up and fled. This attempt to rob was witnessed by defendant's companion Bennett. Meanwhile police had been called and quickly arrived at the scene. After talking with the two women police searched for defendant and his companion; within minutes returned with both men. The victim then, and at trial, identified defendant. Neither defendant nor his companion Bennett testified.

Here, defendant contends the trial court erred in denying his motion for mistrial made at the close of evidence; this primarily because the prosecutor's closing jury argument "inferred" defendant's companion Bennett had told the victim's daughter it was defendant who had tried to take the victim's purse. Second and akin to this defendant claims trial error in the court's overruling his objections to "unspecified" jury argument by the prosecutor that "implied" companion Bennett had told the victim's daughter it was defendant who had assaulted her mother.

We have reviewed defendant's brief under Rule 84.04(d) V.A.M.R. requiring an appellant to clearly state what trial court action is sought to be reviewed and wherein and why it was erroneous. See *Worthon v. State*, 649 S.W.2d 577 [2, 3] (Mo. App.1983).

See also *State v. Cannady*, 660 S.W.2d 33[4–5] (Mo.App.1983). We there ruled trial objections must be specific and made at the earliest opportunity, and objections come too late when, as here, after the evidence has been introduced.

We look to defendant's above motion for new trial. As said it is based on inferred, unspecified and implied contentions of error. It utterly fails to state wherein and why the trial court erred.

Notwithstanding the foregoing, upon review we find no error plain or otherwise.

Rule 29.12(b) V.A.M.R.; *State v. Sammons*, 640 S.W.2d 488, 490 (Mo.App.1982).

The judgment is affirmed.

DOWD, P.J., and CRIST, J., concur.