Richard Lee WORTHAN, Appellant,

v.

Donald WYRICK, Appellee.

No. 85–2401.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 9, 1986.
Decided Nov. 12, 1986.

Sharon F. Daily, St. Louis, Mo., for appellant.

George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

This is a habeas corpus case brought by Richard Worthan, a Missouri state prisoner. Worthan claimed that illegally seized evidence and improper "bystander jurors" were used in his trial, that his counsel was ineffective, and that he was subjected to double jeopardy. Initially, the magistrate recommended that the writ be denied in all but one respect; he required an evidentiary hearing on the jury issue to determine whether "cause" existed to excuse the lack of a contemporaneous objection to the jury by his then-appointed counsel. Following an evidentiary hearing on this issue, the magistrate found that Worthan had failed to show why a contemporaneous objection to the selection of bystander jurors was not made at trial or on direct appeal and had failed to show actual prejudice from the use of such jurors. Upon the magistrate's recommendation, the district court [1] denied the writ. Worthan appeals only the issues concerning the alleged bystander jurors and the claim of double jeopardy.

Worthan was convicted in 1978 of first degree robbery of a grocery store in Hayti Heights, Missouri. He was originally charged with assault with intent to kill and first degree robbery. At the close of all the evidence, the state dismissed the assault count, and the court submitted first degree robbery only to the jury.[2] The Missouri Court of Appeals affirmed Worthan's conviction. *State v. Worthon,* 585 S.W.2d 143 (Mo.App.1979). He thereafter filed a pro se writ under Missouri Supreme Court Rule 27.26. In this proceeding he raised for the first time *inter alia* the issue of improper jury selection. Extensive evidentiary hearings were held over a period of several months, and the state trial court made specific findings of fact and conclusions of law.[3] Upon denial of relief, Worthan appealed to the Missouri Court of Appeals, which affirmed the state trial court. *Worthon v. State,* 649 S.W.2d 577 (Mo.App.1983). In the federal proceeding, Worthan was given an additional evidentiary hearing to clarify whether cause existed

---

1. United States District Court for the Eastern District of Missouri, the Honorable Stephen N. Limbaugh, presiding.

2. Worthan argues that he was subjected to double jeopardy when the state dismissed the assault with intent to kill charge and the court subsequently instructed the jury only on first degree robbery. Worthan claims that the state's dismissal operated as an acquittal as to the commission of an assault, and, therefore, the state could not reprosecute him on what he terms the greater offense of first degree robbery.

   The defendant in *United States v. McDaniel,* 538 F.2d 408 (D.C.Cir.1976) made the same argument, which the court summarily rejected. In *McDaniel,* the court dismissed Count I of a 30-count indictment at the close of the government's evidence. The defendant argued that the dismissal of Count I after the jury was empaneled and sworn operated to bar a conviction on a lesser included crime charged in Count IV. The court disagreed:

   > The Double Jeopardy Clause is clearly inapplicable to multiple counts under the same indictment; it applies rather to successive prosecutions in *separate* trials. Dismissal during trial of one count of a multiple count indictment has no double jeopardy implications with respect to the remaining counts.

   *Id.* at 414. (emphasis in original) (citations omitted).

   We agree with *McDaniel.* Worthan was not "twice put in jeopardy" for the same crime because he was not twice prosecuted for the same crime. His contention is without merit.

3. The Circuit Court of Pemiscot County conducted hearings on four separate occasions between January 23, 1981, and December 18, 1981.

to excuse Worthan's counsel from making a contemporaneous objection.[4]

■ Worthan claims that he was denied a fair trial because bystander jurors were selected, without benefit of a court order, by a deputy sheriff who had investigated the crime, participated in the arrest, and testified for the state. Worthan acknowledges that by his failure to raise the issue at trial or on direct appeal, he must proceed under the dictates of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and show cause why he did not timely raise the issue and demonstrate actual prejudice resulting from the alleged constitutional violation. *Murray v. Carrier*, —— U.S. ——, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986) (same standards control failure to object at trial and failure to raise on appeal).

The merits of the case turn on the application of the Missouri bystander statute, Mo.Rev.Stat. § 494.250 (1978), and on the Supreme Court's recent decisions defining cause under *Sykes*.[5] As noted earlier, Worthan was afforded a number of evidentiary hearings to clarify whether bystander jurors were called and if so, by whom and on whose order. The records of these hearings are confusing and contradictory. Worthan's counsel testified that he did not recall a court order authorizing the sheriff to summon bystanders. However, he also testified that he was "positive" that extra venirepersons were called. The presiding judge at Worthan's trial stated by affidavit that he believed there may have been a special venire, but he could not locate an order for it in the record.

The trial transcript recites from the state circuit court record that there was an order entered for a "special venire of 15 jurors."[6] In his answers to interrogatories, the sheriff stated that he and his deputies selected the extra jurors on order of the court. Deputy Gene Young testified that he recalled going door-to-door to select jurors, but he did not recall who they were or when he selected them. He also testified

**4.** It is clear from the opinion of the Missouri Court of Appeals that it did not reach the merits of Worthan's post-conviction claim because he waived his right of review by failing to raise the issue at trial or on direct appeal:

As stated, the point preserves nothing for review. Even if it did, a claim of improper jury selection is a question of trial court error, and as such comes too late when raised for the first time in a 27.26 motion, absent a showing that movant had no knowledge of the improper jury selection until after the trial. In this case, no claim was made at the trial court level that the jury panel had been improperly selected or that this alleged defect was not discovered until after the appeal process.

*Worthon v. State*, 649 S.W.2d at 578–79. Thus, this is not a situation where, because the state court reached the merits, the federal question is properly before us outside the dictates of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See Henson v. Wyrick*, 634 F.2d 1080, 1081 (8th Cir.1980), *cert. denied*, 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981).

**5.** The bystander statute in effect at the time of Worthan's trial authorizes the Jury Commission to call citizens to be jurors. Section 494.250(1) directs the Clerk of the Board of Jury Commissioners to prepare a list of prospective jurors by selecting names at random from voter registration lists. If, after the list of prospective jurors is exhausted by absences or excuses for cause, the remaining number is less than 24, the sheriff on order of the court, "shall summon petit jurors during the term from the bystanders." § 494.250(2).

This court has held that this statute is not unconstitutional on its face. *Henson v. Wyrick*, 634 F.2d at 1084. However, we have vacated several convictions because the statute has been implemented in ways violative of defendants' due process rights. *Anderson v. Frey*, 715 F.2d 1304 (8th Cir.1983), *cert. denied*, 464 U.S. 1057, 104 S.Ct. 739, 79 L.Ed.2d 198 (1984); *Thompson v. White*, 661 F.2d 103 (8th Cir.1981), *vacated*, 456 U.S. 941, 102 S.Ct. 2003, 72 L.Ed.2d 463 (1982), *on remand*, 680 F.2d 1173 (8th Cir.1982); *Henson v. Wyrick*, 634 F.2d at 1085.

**6.** The record shows that on December 20, 1977, a special venire of 15 jurors was ordered. Also on that date, Worthan's counsel filed a motion to disqualify the trial judge. An oral motion to the same effect had been denied on December 19, 1977. The written motion was granted on January 3, 1978, and trial was continued to February 14, 1978.

Although an order for a "special venire" appears in the record, we cannot say with certainty that this was an order for bystander jurors. Assuming it was, Worthan's counsel had access to the circuit court record and could have investigated the selection process had he believed it improper. He thus had sufficient knowledge and "tools in hand" to make an objection.

that the selection was completely random.[7]

In voir dire, Worthan's counsel successfully challenged for cause several jurors who were friendly with personnel of the sheriff's office or police department. Counsel testified that he did not make a contemporaneous objection because he did not believe that the sheriff was trying to stack the jury. He stated that had he been aware of any improprieties in the selection process, he would have objected at trial and raised the issue on appeal.

The magistrate determined that Worthan failed to show cause for the procedural default because his counsel "knew there were special veniremen selected for this trial and had no reason to believe that the sheriff's office was stacking the jury panel." Magistrate's review at 14. The magistrate concluded that counsel's successful challenges for cause purged from the panel any jurors with special biases. *But see Henson v. Wyrick, supra* at 1085 (voir dire does not cure improper selection of venirepersons by sheriff). Accordingly, the magistrate recommended that the writ be denied for failure to show cause as required by *Sykes.*[8]

The United States Supreme Court recently addressed *Sykes* cause in *Murray v. Carrier,* — U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In this case, the trial court denied defense counsel's motion to discover certain statements made by the victim to the police. Although counsel objected at trial, he later failed to raise the issue on direct appeal as forming the constitutional basis for the habeas action. The

Court dismissed the petition on the general ground that a federal habeas petitioner does not show cause by establishing only that competent defense counsel's failure to raise a substantive claim of error was inadvertent rather than deliberate: "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, *or failed to raise the claim despite recognizing it,* does not constitute cause for a procedural default." 106 S.Ct. at 2645. (emphasis added).

Instead, the Court determined that "the existence of cause * * * must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 2646. Declining to catalogue such objective impediments, the Court nonetheless especially noted that "a showing that the factual or legal basis for a claim was not reasonably available to counsel * * * or that 'some interference by officials' made compliance impracticable, would constitute cause under this standard." *Id.* (citations omitted).

In this case, Worthan claims that his counsel lacked the basic facts creating the constitutional violation and giving rise to a timely objection. However, counsel's own testimony refutes this claim. He knew that bystanders were in the pool, and he successfully challenged for cause those jurors who were friendly with law enforcement personnel. He stated that he would have objected to the method of selection

---

**7.** This is unlike the situation in *Henson v. Wyrick, supra,* where the sheriff handpicked his acquaintances to serve as bystander jurors. There is also nothing in this record to indicate that the bystanders were selectively chosen because of their prosecution biases or that the sheriff or his deputies were motivated by the nature of the crime to select sympathetic bystanders. *See Thompson v. White,* 661 F.2d at 107. It is true that Deputy Young helped investigate the robbery and testified for the state. In *Henson* we said that prejudice to the defendant can be presumed when a sheriff or his agents select bystander jurors *with whom they are acquainted* for cases that they have investigated. 634 F.2d at 1085. Here, there is simply no evidence that the sheriff or his deputies selected

acquaintances or those who would be biased toward conviction. *See Holt v. Wyrick,* 649 F.2d 543, 546 (8th Cir.1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 295 (1982); *see also Henson v. Wyrick, supra* at 1084–85 (sheriff's involvement in selection of bystanders not in itself constitutionally infirm; such involvement should be limited to an application of totally objective criteria).

**8.** The magistrate also noted that Worthan failed to show actual prejudice, due in part to the "overwhelming" evidence of Worthan's guilt. We do not reach the prejudice issue because we find that Worthan failed to show cause.

had he believed improprieties existed. This is not a case where counsel inadvertently failed to object or where counsel lacked knowledge of the facts or law to make the objection. *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."); *see also Dietz v. Solem,* 677 F.2d 672, 675 (8th Cir.1982) (no cause found when defense counsel had available at the time of trial the constitutional basis for an objection but failed to object anyway).

Worthan has failed to show why a contemporaneous objection to the bystander jurors was not made. The district court's order denying the writ is affirmed.