**STATE of Missouri, Plaintiff-Respondent,**

v.

**John Edward THOMPSON, Defendant-Appellant.**

**No. 14602.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 22, 1987.

Motion for Rehearing and to Transfer Denied and Overruled Feb. 13, 1987.

Allen G. Rose, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

In Count I of an information the defendant was charged with stealing a tractor belonging to Howard Leighton-Floyd in violation of § 570.030, RSMo 1978. In Count II he was charged with second degree burglary in that he knowingly entered unlawfully a building owned by Leighton-Floyd for the purpose of committing the crime of stealing in violation of § 560.170, RSMo 1978. The jury found him guilty on both counts. He was sentenced to seven years imprisonment on Count I and to four years imprisonment on Count II. The sentences were ordered to run concurrently. In addition, as authorized by the verdicts of the jury, the court imposed a fine of $250 on each count.

A brief summary of the facts follows. On the night of August 9, 1983, at about 11:00 p.m., a man was discovered pinned beneath an overturned tractor on Highway W approximately two miles north of Pineville. A number of persons, including four law enforcement officers, extricated the man. The man gave his name as Danner. At his request, an officer took him to a

residence about seven miles from the scene of the tractor accident.

Leighton-Floyd lived on Highway W north of the city limits of Pineville. The morning of August 10, 1983, a deputy sheriff inquired of Leighton-Floyd if he owned a Model 1900 Ford tractor. Leighton-Floyd replied that he did and it was in a metal shed north of his home. Leighton-Floyd and the deputy went to the shed. They found a side panel of the metal shed had been cut and the tractor driven out the opening. They traced the tracks of the tractor to Highway W. Leighton-Floyd identified the tractor in the ditch as his tractor. Later, the defendant was identified as the man beneath the tractor.

In his sole point on appeal, the defendant contends the evidence is insufficient to support the verdicts. Under this point he presents two arguments.

First, he assails the identification of the defendant as the man pinned under the tractor. At trial, he emphasized discrepancies in the officers' descriptions of the man pinned under the tractor. He also presented several alibi witnesses. The testimony of the latter was severely weakened by cross-examination and was otherwise impeached. By its verdict, the jury determined the defendant was the man pinned under the tractor. There was ample evidence to support that determination.

Second, the defendant argues that even if he was the man pinned under the tractor, the evidence was insufficient to establish he burglarized the metal shed and stole the tractor. "The unexplained possession of recently stolen property gives rise to a permissible inference of guilt and constitutes sufficient evidence to submit a case of burglary and stealing to the jury." State v. Pickett, 642 S.W.2d 703, 705 (Mo.App.1982). That proposition is supported by a multitude of cases. For example, State v. Arnold, 566 S.W.2d 185 (Mo. banc 1978); State v. Lee, 491 S.W.2d 317 (Mo. banc 1973); State v. Adcox, 693 S.W.2d 111 (Mo.App.1985).

From the evidence, a jury could find the defendant had been driving the tractor when it turned over. This was possession within the meaning of the above rule. See State v. Swiney, 678 S.W.2d 882 (Mo.App. 1984); State v. Maggard, 633 S.W.2d 290 (Mo.App.1982); State v. Vaughn, 596 S.W.2d 48 (Mo.App.1980). The tractor was traced from the place it was stolen to Highway W. Within hours, or perhaps less than an hour, the defendant was found in possession of the stolen tractor. Defendant had no explanation for his possession of that stolen tractor. A jury could find that when first questioned about the theft, in a voluntary statement, the defendant gave an alibi that he later repudiated by his own alibi witnesses. Under the above rule, the evidence was sufficient to support the verdicts. State v. Clay, 627 S.W.2d 659 (Mo.App.1981); State v. Grey, 525 S.W.2d 367 (Mo.App.1975). The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.

TITUS, J., not participating.