John Edward THOMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 15598.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 12, 1988.

Jim Lynn, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Appellant John Edward Thompson was convicted of the Class C felony of stealing,

§ 570.030,[1] and the Class C felony of burglary in the second degree, § 569.170. He was sentenced to serve concurrent terms of seven years for stealing and four years for burglary. The conviction was affirmed on appeal. *State v. Thompson,* 723 S.W.2d 897 (Mo.App.1987). On June 9, 1987, appellant filed a motion under Rule 27.26.[2] Following an evidentiary hearing, he was denied relief. This appeal followed.

The only point presented to us is appellant's claim that he was denied effective assistance of counsel because defense counsel in the underlying case (hereafter "defense counsel") (1) failed to call two witnesses to testify regarding a boating accident that allegedly occurred subsequent to the date of the crime for which appellant was charged and in which he lost some teeth, a "prominent item of identification" in his trial, and (2) failed to offer a work receipt and corroborating testimony to aid in establishing appellant's alibi.

This court's standard of review on motions for post-conviction relief under Rule 27.26 is to determine "whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984).

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), establishes a two-pronged test for evaluating the effectiveness of counsel. First, appellant must show that defense counsel's performance was deficient because counsel failed to exercise the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. Second, appellant must show that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. *See also Sanders v. State,* 738 S.W. 2d 856, 858 (Mo. banc 1987). To demonstrate prejudice, the appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed. 2d at 698; *Sanders v. State, supra,* at 860–61. Failure to meet either the "performance" or the "prejudice" criterion disposes of the claim.

At his trial in the underlying case, the State presented witnesses who identified appellant as having been near Pineville, Missouri, in possession of a stolen tractor at about 10:30 p.m. on August 9, 1983. Prior to trial, the witnesses had apparently identified appellant from a composite drawing in which appellant's mouth is closed. These same witnesses made an in-court identification of appellant. Factors involved in appellant's identification were age, height, weight, clothing, hair color, and missing teeth.

In his defense, appellant called five witnesses to testify that from about 9:00 p.m. until shortly after 10:30 p.m. on August 9, 1983, he was socializing in a bar in Grove, Oklahoma. There was no evidence as to the distance between Pineville, Missouri, and Grove, Oklahoma. In addition, appellant presented three witnesses, each of whom knew appellant before and after August 26, 1983. Each of those witnesses said appellant lost some teeth in a boating accident which occurred some seventeen days after the alleged offense.

Defense counsel had three documents in his file prior to trial which appellant asserts supported the defense of alibi and his claim that the teeth were lost in the boating accident. Appellant's complaint here centers on defense counsel's failure to call the witnesses who prepared the documents and failure to introduce the documents in evidence.

At his 27.26 hearing, the witnesses who prepared the documents were not called and two of the documents were not introduced in evidence. From what we know of the documents, we have substantial doubt

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986.

2. Missouri Rules of Court (18th ed. 1987). Because this Rule 27.26 motion was pending prior

to January 1, 1988, "relief continue[s] to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 29.15(m), Missouri Rules of Court (19th ed. 1988).

that they and the testimony of the witnesses who prepared them would carry the probative clout to which appellant believes they are entitled. At best, the evidence was merely cumulative of other evidence presented by defense counsel. His choice to exclude cumulative evidence cannot be the basis for attacking him for ineffective assistance of counsel. *Robinson v. State,* 643 S.W.2d 8, 10 (Mo.App.1982). This clearly strategic decision should not be second-guessed just because appellant was convicted. *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694; *Sanders v. State, supra,* at 858.

Defense counsel was not shown to be deficient in failing to call the three witnesses to testify or in failing to produce the work receipt. In addition, appellant has not shown that he was prejudiced by the exclusion of this evidence. Therefore, we affirm the judgment of the trial court.

CROW, P.J., and GREENE, J., concur.